UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

M.R.S. ENTERPRISES, INC.,

    Plaintiff and Counterdefendant,

              v.                Case No. 1:05-CV-01823 CKK

SHEET METAL WORKERS'
INTERNATIONAL ASSOCIATION,
LOCAL 40,

    Defendant and Counterclaimant.
_____/

### ANSWER AND COUNTERCLAIM OF DEFENDANT SHEET METAL WORKERS' INTERNATIONAL ASSOCIATION, LOCAL 40

Defendant Sheet Metal Workers International Association Local 40 ("the Union") answers the allegations of the Plaintiff's First Amended Complaint as follows:

1.     The Union admits the allegations of Paragraph 1.

2.     The Union admits the allegations of Paragraph 2.

3.     The Union admits the allegations of Paragraph 3.

4.     The Union admits the allegations of Paragraph 4.

5.     The Union admits the allegations of Paragraph 5.

6.     Answering Paragraph 6, the Union admits that M.R.S. executed a

collective-bargaining agreement with Local 40 in 1998. The Union further admits that the National Siding and Decking Agreement, to which M.R.S. was also a party, required M.R.S. to execute a collective-bargaining agreement with the Sheet Metal Workers local in its home state. The Union further answers that M.R.S. at all material times bound itself to Local 40 agreements negotiated by the Associated Sheet Metal and Roofing Contractors of Connecticut.  The Union denies all other allegations of paragraph 6 for lack of knowledge.

7.	Answering Paragraph 7, the Union lacks knowledge whether M.R.S. was formally a member of the Associated Sheet Metal and Roofing Contractors of Connecticut (ASMRCC) or the Sheet Metal and Air Conditioning Contractors of North America (SMACNA), and therefore denies this allegation on that ground. The Union further alleges that M.R.S. at all material times bound itself to Local 40 agreements negotiated by the Associated Sheet Metal and Roofing Contractors of Connecticut.  The Union denies all remaining allegations of Paragraph 7.

8.	Answering Paragraph 8, the Union, the Union admits that M.R.S. negotiated its National Siding and Decking Agreement through the National Association of Siding and Decking Contractors (NASDC).  The Union denies all remaining allegations of Paragraph 8.

9.	The Union denies the allegations of Paragraph 9 for lack of

knowledge.

10. The Union denies the allegations of Paragraph 10 for lack of knowledge.

11. Answering Paragraph 11, the Union admits that M.R.S. sent a letter dated December 20, 2004 to Michael J. Sullivan, and that this letter speaks for itself. The Union denies all other allegations of Paragraph 11.

12. Answering Paragraph 12, the Union admits that the relevant Agreement between Local 40 and M.R.S. contains an Article XV, and that this Article speaks for itself. The Union denies all other allegations of Paragraph 12.

13. Answering Paragraph 13, the Union admits that M.R.S. sent a letter dated December 22, 2004 to David A. Roche, and that this letter speaks for itself. The Union denies all other allegations of Paragraph 13.

14. The Union denies the allegations of Paragraph 14.

15. The Union denies the allegations of Paragraph 15.

16. The Union admits the allegations of Paragraph 16.

17. Answering Paragraph 17, the Union admits that M.R.S. and Local 40 did not meet to negotiate a successor agreement between December 22, 2004 and June 30, 2005. The Union denies all other allegations of Paragraph 17.

18. Answering Paragraph 18, the Union admits that its collective-

bargaining agreement with M.R.S. is governed by the Labor-Management Relations Act, 29 U.S.C. §§ 158-159. The Union denies all other allegations of Paragraph 18.

19.     Answering Paragraph 19, the Union admits that it filed a Notice of Unresolved Dispute pursuant to Article X, section 8 on or about June 3, 2005. The Union denies all other allegations of Paragraph 19.

20.     Answering Paragraph 20, the Union admits that the NJAB held a hearing on or about June 27, 2005 concerning Local 40's Notice of Unresolved Dispute. The Union further admits that M.R.S. submitted a written Memorandum of its position on or about June 23, 2005, and that M.R.S.'s representatives appeared at the hearing. The Union denies all other allegations of Paragraph 20.

21.     Answering Paragraph 21, the Union admits that the NJAB issued a ruling dated June 28, 2005, attached as Exhibit 1 to M.R.S.'s complaint, and further answers that the NJAB's ruling speaks for itself. The Union denies all other allegations of Paragraph 21.

22.     Answering Paragraph 22, the Union admits that the NJAB is composed as set forth in the Procedural Rules of the National Joint Adjustment Board. The Union denies all other allegations of Paragraph 22.

23.     The Union denies the allegations in Paragraph 23.

24. The Union denies the allegations in Paragraph 24.

25. The Union denies the allegations in Paragraph 25.

26. The Union denies the allegations in Paragraph 26.

27. The Union denies the allegations in Paragraph 27.

## AFFIRMATIVE DEFENSES

### *First Defense*

28. The Complaint fails to state a claim on which relief can be granted.

### *Second Defense*

29. The Complaint is barred by waiver, in that Plaintiff did not raise its objections before the Arbitrator.

### *Third Defense*

30. The Complaint is barred by the Plaintiff's failure to exhaust remedies.

### *Fourth Defense*

31. The Complaint is barred by estoppel.

WHEREFORE, this Court should dismiss the First Amended Complaint and award the Union its reasonable attorneys' fees and costs pursuant to Article X, section 6 of the parties' Agreement, and all other applicable sources of law and contract.

## COUNTERCLAIM

Counterclaimant Sheet Metal Workers' International Association, Local 40, AFL-CIO ("the Union"), for its Counterclaim and Cross-Petition to Confirm and Enforce an Arbitration Award against the above-named Counter Defendant, states as follows:

1.	This is a counterclaim to confirm and enforce an arbitration award rendered on June 28, 2005.  The arbitration proceeded under a collective bargaining agreement between the Union and the Counterdefendant M.R.S. Enterprises.  The Counterdefendant has refused to comply with the award, in breach of its collective-bargaining agreement with Local 40.

2.	Counterclaimant Local 40 is a labor organization representing employees in industries affecting commerce within the meaning of Section 2(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).  The Union maintains its headquarters in Rocky Hill, Connecticut.

3.	Counterdefendant M.R.S. Enterprises, Inc. is an employer within the meaning of Section 2(2) of the LMRA, 29 U.S.C. § 152(2).  M.R.S. is headquartered in Connecticut.  M.R.S. operates in the sheet metal industry in New England.

4.	This Court has jurisdiction of this matter pursuant to Section 301(a)

of the LMRA, 29 U.S.C. § 185(a).

5.  Venue lies within this judicial district pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a) and 9 U.S.C. § 9, in that the arbitration award was issued in this judicial district.

6.  The Union and M.R.S. have been parties to successive collective bargaining agreements. A true and correct copy of the 2001-2005 Agreement is attached as Exhibit A to this Counterclaim.

7.  On or about December 22, 2004, M.R.S. gave notice to Local 40 "pursuant to Article XV of the Sheet Metal Workers International Association Local No. 40 and the Associated Sheet Metal and Roofing Contractors of Connecticut Standard Form of Union Agreement" that it would "terminate the Agreement on the stipulated expiration date."

8.  On May 17, 2005, Local 40, through its Business Manager David A. Roche, wrote M.R.S. requesting negotiations for the upcoming contract. The parties scheduled a meeting on June 13, 2005. This meeting was later canceled.

9.  On or about June 3, 2005, the Union submitted a Notice of Unresolved Dispute pursuant to Article X, section 8. A true and correct copy is attached as Exhibit B to this Counterclaim.

10. On June 27, 2005, the NJAB held a hearing in Washington, D.C. on

Local 40's Notice of Unresolved Dispute pursuant to Article X, section 8. Representatives of M.R.S. Enterprises and Local 40 attended and argued their positions before the panel.

11. On June 28, 2005, the NJAB issued a decision. A true and correct copy of the NJAB decision is attached as Exhibit C to this Counterclaim.

12. From July 1, 2005 onward, M.R.S. has failed and refused to comply with any of its obligations under the NJAB award.

13. M.R.S.'s refusal to abide by the award is in breach of its contract.

14. The Union and the employees that it represents are without any adequate remedy at law and will suffer irreparable injury because M.R.S. is refusing to comply with the NJAB's award.

## Request for Relief

WHEREFORE, Counterclaimant Local 40 prays that this Court:

a. Enter a judgment confirming and enforcing the NJAB's arbitration award;

b. Order the referral of all disputes over M.R.S.'s substantive violations of the Agreement after July 1, 2005 to the designated grievance procedure under that Agreement;

c. Award the Union its costs and reasonable attorneys' fees expended to

secure M.R.S.'s compliance with the NJAB's award pursuant to Article X, section 6 of that Agreement, and all other applicable sources of law or contract;

    d.    Award to the Union any and all other relief as the Court deems just and proper.

Dated: November 17, 2005    Respectfully submitted,

           s/ Arlus J. Stephens
Michael T. Anderson (DC Bar 459617)
Arlus J. Stephens (DC Bar 478938)
Davis, Cowell & Bowe LLP
1701 K Street NW, Suite 210
Washington, DC 20006
(202) 223-2620
(202) 223-8651 (fax)

Attorneys for the Defendant/Counterclaimant
Sheet Metal Workers Int'l Assn. Local 40