UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

M.R.S. ENTERPRISES, INC.,

    Plaintiff and Counterdefendant,

v.

SHEET METAL WORKERS'
INTERNATIONAL ASSOCIATION,
LOCAL 40; and THE NATIONAL
JOINT ADJUSTMENT BOARD FOR
THE SHEET METAL INDUSTRY,

    Defendants and Counterclaimant.
_____/

Case No. 1:05-CV-01823

Judge Kollar-Kotelly

**DECLARATION OF DAVID A. ROCHE
IN SUPPORT OF
COUNTERCLAIMANT SHEET METAL WORKERS LOCAL 40'S
MOTION TO CONFIRM ARBITRATION AWARD**

I, David A. Roche, declare and say under penalty of perjury as follows:

1. I am Business Manager for Sheet Metal Workers International Association, Local 40, AFL-CIO. I have been a member of Local 40 for twenty-six years. My offices are in Rocky Hill, Connecticut. The facts described in this affidavit are personally known to me. If called as a witness, I could and would competently testify to the contents of this Declaration.

2. Local 40 has a longstanding collective-bargaining relationship with

the Associated Sheet Metal and Roofing Contractors of Connecticut (ASMRCC), a multi-employer bargaining group. The ASMRCC and Local 40 negotiate a collective-bargaining agreement every three to five years. This agreement is known as the "Sheet Metal Workers International Association Local No. 40 and the Associated Sheet Metal and Roofing Contractors of Connecticut Standard Form of Union Agreement." Many of its provisions, including Article X, section 8, are used in standardized Sheet Metal Workers agreements nationwide.

3.  Several employers who are not members of the ASMRCC, including M.R.S. Enterprises, sign the Standard Form of Union Agreement on a "me-too" basis. This means that the independent employer does not join the ASMRCC, but it agrees to be bound by the same Standard Form of Union Agreement that the ASMRCC has negotiated with Local 40.

4.  From 1987 until 2005, the Standard Form of Union Agreement negotiated with the ASMRCC was the only collective-bargaining agreement Local 40 maintained with any building trades employer. The members of the ASMRCC, and the independent "me-too" employers, all agreed to adopt the same Standard Form of Union Agreement.

5.  Roland O. Levesque, President of M.R.S. Enterprises signed the Local 40 Standard Form of Union Agreement for successive contract terms

beginning in 1987. Roland Levesque signed the Agreement on behalf of Nutmeg Wall Systems, the predecessor in interest of M.R.S. Enterprises. Attached as Exhibit A to this Declaration are true and correct copies of Mr. Levesque's signature pages on the Standard Form of Union Agreement for 1987, 1988-92, 1992-1995, and 1995-1998. Attached as Exhibit B to this Declaration is a true and correct copy of the complete 1998-2001 Standard Form of Union Agreement, together with Mr. Levesque's signature page.

6.  On January 8, 2001, Mr. Levesque copied Local 40 with a letter to our International Association notifying as follows: "Nutmeg Wall Systems, Inc. ceases to exist. All Nutmeg labor and contracting obligation will be absorbed into M.R.S. Enterprises, Inc. In the past we conducted our business under MRS and Nutmeg was the labor group." Attached as Exhibit C to this Declaration is a true and correct copy of Mr. Levesque's January 8, 2001 letter.

7.  To my knowledge, M.R.S. never sent Local 40 any notice to reopen or terminate its Agreement or reopen negotiations in 2001, or at any time thereafter until December 22, 2004.

8.  In 2001, Local 40 and the ASMRCC executed a new Standard Form of Union Agreement for 2001-2005. A true and correct copy of the 2001-2005 Standard Form of Union Agreement is attached as Exhibit A to Local 40's

Counterclaim, filed herewith. The 2001-2005 Agreement provided for an annual wage increase of $2.50 per hour for journeyman sheet metal workers above the 1998-2001 Agreement, and an increase in fringe benefit contributions to the Local 40 Benefit funds above the 1998-2001 Agreement.

9. To my knowledge, M.R.S. Enterprises did not physically sign the 2001-2005 Standard Form of Union Agreement. Prior to this lawsuit, however, no representative of M.R.S. ever said that any failure to sign reflected M.R.S.'s intent not to adopt the Agreement.

10. From 2001 through 2005, M.R.S. complied with all terms of the 2001-2005 Standard Form of Union Agreement, including all wage increases, remittance of union dues, and contributions to the Local 40 benefit funds at the increased rates. Attached as Exhibit D to this Declaration is a true and correct copy of Local 40's records showing M.R.S.'s benefit fund contributions at the higher rate provided in the 2001-2005 Standard Form of Union Agreement.

11. On December 22, 2004, Roland Levesque of M.R.S. Enterprises sent me a letter stating: "Pursuant to Article XV of the Sheet Metal Workers International Association Local No. 40 and The Associated Sheet Metal and Roofing Contractors of Connecticut Standard Form of Union Agreement and Addenda, we hereby give our notice to terminate the Agreement on the stipulated

expiration date." A true and correct copy of this letter is attached as Exhibit E to this Declaration.

12. On May 17, 2005, I sent M.R.S. Enterprises a letter proposing a negotiations meeting. A true and correct copy of this letter is attached as Exhibit F to this Declaration. I later made an appointment for June 13 with Steven Levesque, an executive of M.R.S. Enterprises. Steven Levesque later canceled the June 13 meeting, saying that he had not scheduled the meeting as a negotiation, but merely a courtesy.

13. On June 3, 2005, I filed a "Notice of Unresolved Dispute" under Article X, section 8 of the Agreement with the National Joint Adjustment Board (NJAB). A true and correct copy of this Notice is attached as Exhibit B to the Counterclaim filed herewith. The NJAB set the matter for arbitration on June 27, 2005 in Washington, D.C.

14. On June 23, 2005, M.R.S. Enterprises submitted a pre-hearing Memorandum to the NJAB. A true and correct copy of M.R.S.'s Memorandum is attached as Exhibit G to this Declaration.

15. On June 27, 2005, the NJAB heard the matter in Washington D.C. Roland Levesque and James F. Grosso appeared for M.R.S. Local 40 business representative Luke J. Ford and I appeared for Local 40. During that hearing,

neither Mr. Levesque or Mr. Grosso ever challenged the NJAB or any of its members for bias. To my knowledge, no representative of M.R.S. ever raised the issue of partiality or bias before the NJAB's award.

16. On June 28, 2005, the NJAB issued an award directing the parties to execute an agreement on the same terms as that reached between Local 40 and ASMRCC. A true and correct copy of this award is attached as Exhibit C to the Counterclaim, filed herewith. Attached as Exhibit H to this Declaration is a true and correct copy of the complete 2005-2010 Standard Form of Union Agreement negotiated between Local 40 and the ASMRCC. Since July 1, 2005, M.R.S. has failed to honor the NJAB award.

17. At no point between 2001 and the present has Local 40 called a strike against M.R.S. Enterprises, conducted picketing against M.R.S., or engaged in any similar form of economic pressure against M.R.S.

I swear under penalty of perjury that the foregoing is true and correct.

Dated: November 14, 2005

_____
David A. Roche