UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| M.R.S. ENTERPRISES, INC. )<br>    Plaintiff )<br> )<br>VS. )<br> )<br>SHEET METAL WORKERS INTERNATIONAL )<br>ASSOCIATION LOCAL NO. 40 )<br> )<br>    Defendant ) | C.A. NO. 1:05CV01823 |

MEMORANDUM IN OPPOSITION TO THE DEFENDANT'S COUNTERCLAIM AND MOTION TO CONFIRM ARBITRATION AWARD

Introduction

The Defendant's Counterclaim in the nature of a motion to confirm the arbitration award must be dismissed because, based on federal labor law, the entire case is now moot.

Facts

The Plaintiff, M.R.S. Enterprises, Inc. (MRS) was bound to a collective bargaining agreement (The Agreement) with the Defendant, Sheet Metal Workers International Association, Local 40 (Local 40) that expired on June 30, 2005. The Agreement was a pre-hire agreement pursuant to section 8(f) of the National Labor Relations Act, 29 U.S.C. Section 158(f). As such, the agreement could be terminated by either party at its expiration with no continuing obligation to bargain, <u>John Deklewa vs. International Association of Bridge, Structural and Ornamental Ironworkers.</u> 843 Fd. 2d 770 (1988) MRS gave written notice of its intent to terminate The Agreement in December 2004 as required by The Agreement's provisions and federal labor law. Notwithstanding its exercise of its right to terminate, MRS was required to submit to an arbitration panel pursuant to Article 8 Section 10 of the expired agreement. In July, 2005, the

panel, comprised of equal numbers of employer representatives selected from contractors that were signatory to collective bargaining agreements with the Sheet Metal Workers International Association (SMWIA) and union representatives selected from the ranks of the SMWIA, rendered a decision ordering MRS to execute the newly negotiated collective bargaining agreement with Local 40. MRS filed a Complaint to Vacate the arbitration decision in August, 2005.

Local 40 filed an Answer to the Complaint and a Counterclaim in the nature of a Motion to Confirm the arbitration award. On December 23, 2005, MRS notified Local 40 in writing that it no longer employed sheet metal workers and that it was again repudiating any collective bargaining agreement it had or may have had including any on that may have been imposed upon it pursuant to the so-called one man unit rule of the National Labor Relations Board. For the reasons stated below in the argument, MRS respectfully suggests that the case before this Court is now moot and both the Complaint and the Counterclaim must be dismissed.

ARGUMENT

There is a long history of NLRB decisions that established a federal labor policy that permits employers to repudiate their labor agreements when the unit is reduced to one employee or less. See Wilson and Sons Heating and Plumbing Inc. and Plumbers Local 109, 302 NLRB 802 (1990); Stack Electric Inc. and Electrical Workers (IBEW) Locals 110 and 292, AFL-CIO, 290 NLRB 575 (1988); Garman Construction Company and Teamsters, AFL-CIO Local 324 and Operating Engineers, AFL-CIO Local 150, 287 NLRB 88 (1987). There have also been a number of federal court decisions affirming that NLRB policy. Here in Massachusetts, there is a United States District Court decision exactly on point to the dispute herein. In Whiting-Turner Contracting Company v. Local Union No. 7 Boston, Massachusetts International Association of

<u>Bridge, Structural and Ornamental Iron Workers</u>, 15 F. Supp. 2d 162 (July 1998) Ironworkers Local 7 filed a grievance in 1997 against Whiting-Turner claiming a subcontract clause violation of a pre-hire agreement executed by Whiting-Turner in 1966, some 31 years prior to the filing of the grievance.  Neither Whiting-Turner nor Local 7 had notified each other of either one's intent to terminate that 1966 agreement at any time prior to 1997.  When Local 7 raised the issue with Whiting-Turner as it was about to subcontract steel erection to a non-union steel erection company on its Sun Micro- Systems project, Whiting-Turner sent a repudiation letter on July 16, 1997 repudiating any agreement it may have had with Local 7.  Whiting-Turner filed suit in the United States District Court for the District of Massachusetts seeking a declaration that it had lawfully terminated its contract with Local 7.  Both parties filed motions for summary judgment. Judge Lasker allowed the motion for summary judgment filed by Whiting-Turner and denied the motion for summary judgment filed by Local 7.  In so doing, Judge Lasker ruled that:

> "The 1966 document is a 'pre-hire agreement' authorized under Section 8(f) of the National Labor Relations Act.  Section 8(f) provides an exception to the general rule that an employer may not bargain with a union, which does not represent a majority of its workforce – it allows employers engaged in the construction industry to reach agreements with labor organizations whose majority status has not been established under the provisions of Section 9 of the Act. 29 U.S.C. §§158(f), 159(a).
>
> "A pre-hire agreement, like a collective bargaining agreement established under Section 9(a) is ordinarily enforceable throughout its term. (Citations omitted) . . . An employer may, however, repudiate a collective bargaining agreement, including a pre-hire agreement at any time that it has no more than one employee in the appropriate bargaining unit."  <u>Whiting-Turner</u>, supra at 164

After reviewing the Third Circuit's decision in <u>Deklewa v. International Association of Bridge, Structural and Ornamental Iron Workers Local 3</u>, 843 Fd. 2d 770 (1988), Judge Lasker found that:

> "Any pre-hire or other collective bargaining agreement in existence between Whiting-Turner and Local 7 was terminated by Whiting-Turner's July 16, 1997

- 3 -

notice of repudiation. Accordingly, there is no basis for arbitrating any dispute arising from conduct that occurred after that date, including the execution of work done under, the subcontract for steel erection that is the basis for Local 7's demand for arbitration in the present case." Whiting-Turner, supra at 166

In this case, MRS has not employed any sheet metal workers on its own payroll for approximately six (6) months. It is an undisputed fact that MRS no longer employs sheet metal workers and did not when it repudiated its agreement with Local 40 on December   , 2005. Judge Lasker also cited a Ninth Circuit Court decision, Laborers' Health and Welfare Trust Fund v. Westlake Development, 53 Fd 3rd (9th Cir. 1995) where the Court held that:

> "['S]ince [the one-employee] unit rule essentially dissolves the bargaining unit . . . it seems appropriate to treat repudiation under the single-employee unit rule as equivalent to a repudiation resulting from decertification of the bargaining representative.'" Id at 982

The Ninth Circuit Court noted in its footnote no. 2 that:

> "'As a matter of long-standing policy, the NLRB will not certify or find appropriate a single-person bargaining unit in a representation proceeding' Operating Engineers Pension Trust v. Beck Engineering and Surveying Company, 746 Fd 2d 557, 565 (9th Cir. 1984). The Board will therefore not direct an employer to bargain with respect to such a unit. Foreign Car Center 129 NLRB 319, 320 (1960)." Id at 981 FN2

In Operating Engineers Pension Trust, supra, the Ninth Circuit Court held in 1984 that:

> ". . . 'a construction industry employer who employs a single-employee pursuant to a Section 8(f) pre-hire agreement is entitled to repudiate the agreement by conduct sufficient to put the Union and employee on notice that the agreement has been terminated.'" Id. at 566

In the Whiting-Turner case and the Laborers' Health and Welfare Trust Fund v. Westlake Development, supra, the Courts relied heavily upon a history of National Labor Relations Board decisions holding that an employer could repudiate a collective bargaining agreement in a one-employee unit. See Wilson and Sons Heating and Plumbing Inc. and Plumbers Local 109, 302 NLRB 802 (1990)

- 4 -

". . . the Board has held that where a unit consists of no more than a single permanent employee at all material times, the employer has no statutory duty to bargain and, further, will not be found in violation of the Act for disavowing a bargaining agreement and refusing to bargain with the bargaining representative of a one-man unit."  Id at 803

See <u>Stack Electric Inc. and Electrical Workers (IBEW) Locals 110 and 292, AFL-CIO</u>, 290 NLRB 575 (1988)

". . . 'It is settled that if an employer employs one or fewer unit employees on a permanent basis that the employer, without violating Section 8(a)(5) of the Act, may withdraw recognition from a union, repudiate its contract with the union, or unilaterally change employees' terms and conditions of employment without affording a union an opportunity to bargain.'" citing from <u>SAC Construction Company</u>, 235 NLRB 1211, 1230 (1978).  Id at 577

In <u>Garman Construction Company and Teamsters, AFL-CIO Local 324 and Operating Engineers, AFL-CIO Local 150</u>, 287 NLRB 88 (1987), the NLRB held that: "This rule holds that the Board will not find that an employer has violated Section 8(a)(5) when the refusal to bargain involves a single employee unit."   Id at 89

And finally in <u>Hass Garage Door Company and Carpenters District Council</u>, 308 NLRB 1186 (1992) the Board held:  "Rather, the Board has held that the one-man unit rule applies in an 8(f) context.  That rule provides that when a unit consists of no more than a single permanent employee at all material times, an employer has no statutory duty to bargain and thus, will not be found in violation of the Act for disavowing a bargaining agreement and refusing to bargain."  Id at 1187

This well settled National Labor Relations Board law, that an employer may repudiate a collective bargaining agreement with the Union on the basis of the one-employee unit rule, has been consistently affirmed by District Court and Circuit Court decisions.  Notwithstanding Local 40's argument regarding the narrow standards by which a Court may vacate a valid arbitration award and its claim to confirm that award, it is indisputable that MRS could lawfully repudiate

its Section 8(f) pre-hire agreement and has done so under the one-man unit rule, thereby rendering this case moot. Even if the decision of the arbitration panel directing MRS to execute a collective bargaining agreement was valid, the subsequent written repudiation by MRS in December 2005 under the one-man unit rule voids that agreement.

## CONCLUSION

Based on sound federal labor law policy consistently upheld by the federal courts, MRS has legally repudiated its collective bargaining agreement with Local 40 rendering this case moot. The Complaint and Counterclaim, therefore, should be dismissed.

M.R.S. ENTERPRISES, INC.
By its attorney,

DATED: January 4, 2006                         /s/ *James F. Grosso*

## CERTIFICATE OF SERVICE

I, James F. Grosso, hereby certify that on January 4, 2006 a copy of Plaintiff's Memorandum in Opposition to the Defendant's Counterclaim and Motion to Confirm Arbitration Award was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

           /s/ *James F. Grosso*
James F. Grosso – pvh0680