UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

M.R.S. ENTERPRISES, INC.,

    Plaintiff and Counterdefendant,

        v.                                                        Case No. 1:05-CV-01823

SHEET METAL WORKERS'
INTERNATIONAL ASSOCIATION,                      Judge Kollar-Kotelly
LOCAL 40,

    Defendant and Counterclaimant.
_____/

COUNTERCLAIMANT SHEET METAL WORKERS LOCAL 40's
REPLY MEMORANDUM TO
COUNTERDEFENDANT'S OPPOSITION TO
MOTION TO CONFIRM ARBITRATION AWARD

        Michael T. Anderson (DC Bar 459617)
        Arlus J. Stephens (DC Bar 478938)
        Davis, Cowell & Bowe LLP
        1701 K Street NW, Suite 210
        Washington, DC 20006
        (202) 223-2620
        (202) 223-8651 (fax)

        Attorneys for Defendant/Counterclaimant
        Sheet Metal Workers Local 40

# TABLE OF CONTENTS

I.   M.R.S. HAS ABANDONED THE GROUNDS RAISED IN ITS
     COMPLAINT FOR VACATING THE AWARD.  . . . . . . . . . . . . . . . . . . 1

II.  M.R.S.'s NEW RATIONALE THAT IT NO LONGER EMPLOYS
     "SHEET METAL WORKERS" IS FRIVOLOUS.  . . . . . . . . . . . . . . . . . 2

     A.   M.R.S. Provides No Evidence for its Assertion.  . . . . . . . . . . . . . 2

     B.   M.R.S.'s Argument Is Meritless.  . . . . . . . . . . . . . . . . . . . . . . . . . 3

          1.   M.R.S. has not changed its operations nor its workforce.  . . 3

          2.   M.R.S. is still doing sheet metal work.  . . . . . . . . . . . . . . . . 4

          3.   M.R.S.'s argument would nullify *Deklewa*.  . . . . . . . . . . . . 5

          4.   The Court need not decide how much sheet metal
               work M.R.S. has done since July 2005 to enforce
               the Award.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# TABLE OF AUTHORITIES

*Baloch v. Norton*
        355 F.Supp.2d 246 (D.D.C. 2005)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Celotex Corp. v. Catrett*
        477 U.S. 317 (1986)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Cowboy Scaffolding, Inc.
        326 NLRB 1050 (1998)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Fleming Industries, Inc.*
        282 NLRB 1030 (1987)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# TABLE OF AUTHORITIES

*Georgia-Pacific Corp. v. NLRB*
    892 F.2d 130 (D.C. Cir. 1989)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Green Tree Financial Corp. v. Randolph*
    531 U.S. 79(2000)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*In re Center for Auto Safety*
    793 F.2d 1346 (D.C. Cir. 1986)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Internet Financial Services v. Law Firm of Larson-Jackson*
    310 F.Supp.2d 1 (D.D.C. 2004)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*
    101 F.3d 145 (D.C. Cir. 1996)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*John Deklewa & Sons*
  282 NLRB 1375 (1987)
  *enforced* 843 F.2d 770 (3d Cir. 1988)  . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Laborers Health & Welfare Trust Fund v. Westlake Development*
    53 F.3d 979 (9th Cir. 1995)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Whiting-Turner Contracting Co. v. Local 7, Iron Workers*
    15 F.Supp.2d 162 (D.Mass. 1998)  . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5


## STATUTES

9 U.S.C. § 6  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2


## RULES

Fed.R.Civ.P. 56  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Counterdefendant M.R.S. Enterprises has filed a perfunctory memorandum in opposition to Sheet Metal Workers Local 40's Motion to Confirm the Arbitration Award. Dkt. 13-2.

M.R.S. abandons every ground for vacating the Award raised in its First Amended Complaint. Its only remaining opposition to the Award is a new rationale not raised in its pleadings – that M.R.S. supposedly no longer employs "sheet metal workers." This argument is not supported by evidence, and it is specious in any event.

## I. M.R.S. HAS ABANDONED THE GROUNDS RAISED IN ITS COMPLAINT FOR VACATING THE AWARD.

Local 40's opening brief, Dkt. 10, addressed the grounds raised in M.R.S.'s Complaint for vacating the Award. This included M.R.S.'s claim that it was never bound by the Local 40 Agreement, First Amended Complaint, ¶¶ 9-10 (answered in Local 40's opening brief at 16-19), that M.R.S. had an automatic right to repudiate interest arbitration on the expiration date of its prior agreement, First Amended Complaint, ¶¶ 18, 25 (answered in Local 40's opening brief at 19-26), that the contractual requirement of a "deadlock" was never met, First Amended Complaint, ¶¶ 17, 19 (answered in Local 40's opening brief at 26-30), and that the National Joint Adjustment Board was biased. First Amended Complaint, ¶¶ 22-23 (answered in Local 40's opening brief at 30-32).

M.R.S. does not respond to Local 40's discussion of any of its original grounds for vacating the Award. Dkt. 10. This silence is a concession that each of these grounds is without merit. *Baloch v. Norton*, 355 F.Supp.2d 246, 253 (D.D.C. 2005). Nor does M.R.S. controvert the facts set forth in Local 40's Statement of Material Facts under Local Rule LCvR 7(h). M.R.S. therefore concedes these facts. *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145 (D.C. Cir. 1996).

## II.  M.R.S.'S NEW RATIONALE THAT IT NO LONGER EMPLOYS "SHEET METAL WORKERS" IS FRIVOLOUS.

M.R.S. only remaining argument is a new assertion that the case is moot. It asserts without evidence that it no longer employs "sheet metal workers." M.R.S. reasons that its "unit" has now become zero. It now claims the right to repudiate the Local 40 Agreement, regardless of whether the Arbitration Award was valid. M.R.S. Opp. at 6.

### A.  M.R.S. Provides No Evidence for its Assertion.

M.R.S. does not provide the Court with any evidence. It relies solely on assertions in its Opposition brief.

This is not sufficient to oppose Local 40's motion. Whether Local 40's motion is analyzed under the Federal Arbitration Act, 9 U.S.C. § 6 or Fed.R.Civ.P.

2

56, M.R.S. bears the burden of opposing it with evidence. *See Green Tree Financial Corp. v. Randolph*, 531 U.S. 79, 91 (2000) (FAA); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (Rule 56). Conclusory assertions in M.R.S.'s brief do not carry this burden. "Arguments of counsel do not substitute for evidence that establishes a genuine issue of material fact." *Internet Financial Services v. Law Firm of Larson-Jackson*, 310 F.Supp.2d 1, 4 (D.D.C. 2004), *citing Celotex*, 477 U.S. at 324.

M.R.S.'s claim of mootness does not relieve it of the obligation to present evidence. The party asserting mootness bears a "heavy burden" of proof. *In re Center for Auto Safety*, 793 F.2d 1346, 1352 (D.C. Cir. 1986) (collecting cases). An unsubstantiated suggestion of mootness is not enough. *Id*.

The Court should reject M.R.S.'s new argument as unsupported.

### B.     M.R.S.'s Argument Is Meritless.

Even if the Court were to consider M.R.S.'s assertion, it should reject the argument as specious.

#### 1.     M.R.S. has not changed its operations nor its workforce.

When M.R.S. says that it no longer employs "sheet metal workers," it does not mean that it has changed its operations or reduced its workforce. It is only saying that it no longer honors the Sheet Metal Workers contract. M.R.S.

3

continues to do the same metal paneling work it did prior to July 1, 2005, with the same complement of employees who until July 1 were members of the Sheet Metal Workers.  Supp. Roche Decl. ¶¶ 2-3.  The work M.R.S. continues to do remains within the bargaining unit work defined by Article 1 of the Sheet Metal Workers Agreement.  Supp. Roche Decl. ¶ 2; First Roche Decl (Dkt. 11-9), Ex. H, Article 1.  The only thing that has changed since July 1, 2005 has been that M.R.S. now requires its employees to join a different, more favored union, dubbing them "iron workers" covered by a different CBA.  Supp. Roche  Decl. ¶ 3.

### 2.     M.R.S. is still doing sheet metal work.

M.R.S. argues that, by its own *ipse dixit*, the bargaining unit has dropped to zero because its employees are no longer Sheet Metal Workers.  It therefore argues that it may repudiate its contract even during its term under the "one-worker unit" rule, *citing Whiting-Turner Contracting Co. v. Local 7, Iron Workers*, 15 F.Supp.2d 162 (D.Mass. 1998) and *Laborers Health & Welfare Trust Fund v. Westlake Development*, 53 F.3d 979 (9th Cir. 1995).

This argument turns on a false definition of the "bargaining unit."  The bargaining unit is determined by the contractual definition of covered work, not by the employer's self-serving labels.  The test for whether a unit has dropped to one or zero is whether more than one employee is performing the bargaining unit <u>work</u>

defined by the prior Agreement. *Fleming Industries, Inc.*, 282 NLRB 1030, 1034 (1987). *See also Whiting-Turner Contracting*, 15 F.Supp.2d at 166 (test is whether more than one employee was doing unit work); *Westlake Development*, 53 F.3d at 982-983 (same). If more than one employee is doing the work described by the prior agreement, the agreement is enforceable even if the Employer claims that the employees doing this work are actually members of other unions. *Fleming Industries*, 282 NLRB at 1034.[1] This is the case here.

### 3. M.R.S.'s argument would nullify *Deklewa*.

If M.R.S. is right, <u>all</u> §8(f) prehire agreements may be repudiated at the employer's pleasure. This is not the law. In our opening brief, we explained why employers may no longer repudiate §8(f) agreements during their term after *John Deklewa & Sons*, 282 NLRB 1375 (1987) *enforced* 843 F.2d 770 (3d Cir. 1988). Local 40 Opening Memo. at 19-20. We further showed why renewals of §8(f)

---

[1] The "one-worker" rule only applies where the employer's actual workforce doing the work defined in the agreement has dropped to one or zero. For example, in *Whiting-Turner Contracting*, the employer was allowed to repudiate its agreement because there had been a hiatus in its Massachusetts operations of at least ten years since the original project. 15 F.Supp.2d at 163. In *Westlake Development*, 53 F.3d at 982-983, the employer's actual workforce had dropped to only one employee for over three years. In none of the cases M.R.S. cites was an employer permitted to declare that its multi-employee unit had dropped to zero just because the Employer dishonored its union contract and did the same work under a different designation.

agreements through interest arbitration clauses are valid under *Deklewa*. Local 40 Opening Memo. at 20-22. Under *Deklewa*, a §8(f) agreement is enforceable throughout its term even though at any given time there may be no employees to whom it applies. *Cowboy Scaffolding, Inc.*, 326 NLRB 1050 n.2 (1998), *citing Deklewa*, 282 NLRB at 1389 n.62.

M.R.S. is asking the Court to nullify *Deklewa*. If M.R.S.'s argument were accepted, an employer need only declare that it no longer honors its agreement, an act which (under M.R.S.'s approach) would instantly reduce the relevant "bargaining unit" to zero. The employer could then continue the same operations under a more favorable contract with a different union, or operate non-union, on the theory "it no longer employs members" of the contracting union. This is not what *Deklewa* allows. 282 NLRB at 1389 n.62.

### 4. The Court need not decide how much sheet metal work M.R.S. has done since July 2005 to enforce the Award.

This Court need not decide now how much sheet metal work M.R.S. has done since July 1, 2005. Nor does the Court need to consider what remedies should be awarded. This is a matter for the arbitrator in any subsequent grievance. *See Georgia-Pacific Corp. v. NLRB*, 892 F.2d 130, 132 (D.C. Cir. 1989) (approving arbitration of union grievance that contractual work has been

performed under a different union contract.)  Once the Award is confirmed, Local 40 will be able to proceed with contractual grievances to establish any specific losses caused by M.R.S.'s failure to honor the Agreement in the interim.  The Court need not decide these questions here – the Court need only confirm the Award before it now.

## CONCLUSION

The Court should grant the Union's Motion to Confirm the Arbitration Award.  The Court should award the Union its costs and reasonable attorneys' fees expended to secure M.R.S.'s compliance with the NJAB's award pursuant to Article X, section 6 of that Agreement.

Dated:   January 11, 2006                     Respectfully submitted,


                                                       /s/ Michael Anderson
                                              Michael T. Anderson (DC Bar 459617)
                                              Arlus J. Stephens (DC Bar 478938)
                                              Davis, Cowell & Bowe LLP
                                              1701 K Street NW, Suite 210
                                              Washington, DC 20006
                                              (202) 223-2620
                                              (202) 223-8651 (fax)

                                              Attorneys for Defendant/Counterclaimant
                                              Sheet Metal Workers Int'l Assn. Local 40

50/C:\DCB\MTA\MRS2 REPLY brief to enforce MPA.wpd
1/10/2006/14:01:33 USM40 4930

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the following documents were served electronically through the District of Columbia ECF system on **January 11, 2006**:

1. COUNTERCLAIMANT SHEET METAL WORKERS LOCAL 40's REPLY MEMORANDUM TO COUNTERDEFENDANT'S OPPOSITION TO MOTION TO CONFIRM ARBITRATION AWARD;

2. SUPPLEMENTAL DECLARATION OF DAVID ROCHE

Executed this 11th day of January 2006.

>     /s/ Michael Anderson
>     Michael T. Anderson