## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

M.R.S. ENTERPRISES, INC.,

      Plaintiff and Counterdefendant,

             v.                      Case No. 1:05-CV-01823

SHEET METAL WORKERS'
INTERNATIONAL ASSOCIATION,      Judge Kollar-Kotelly
LOCAL 40; and THE NATIONAL
JOINT ADJUSTMENT BOARD FOR
THE SHEET METAL INDUSTRY,

      Defendants and Counterclaimant.
_____/

## COUNTERCLAIMANT SHEET METAL WORKERS LOCAL 40'S APPLICATION FOR ATTORNEYS' FEES

Pursuant to this Court's April 11, 2006 Order (Dkt. 19), Counterclaimant Sheet Metal Workers Local 40 applies for its attorneys fees and costs in this case.

Local 40's counsel has spent 169.9 hours on this case to date. Applying the prevailing market rates of the *Laffey* matrix as updated by the legal services component of the Consumer Price Index, this amounts to $73,668 in fees, together with $1045.85 in expenses. *See Salazar v. District of Columbia*, 123 F.Supp.2d 8, 15 (D.D.C. 2000), *cited in Interfaith Community Organization v. Honeywell*

1

*International, Inc.*, 426 F.3d 694, 708 & n.11 (3d Cir. 2005). If the *Laffey* matrix is updated by the lower general Consumer Price Index, as the U.S. Attorney's Office does, the figure is $56,040 in fees, together with $1045.85 in expenses. We provide contemporaneous time records attached to the Anderson and Stephens Declarations.

**STATEMENT OF FACTS**

**A.    Attorneys**

Two attorneys have represented Local 40 in this case.

Michael T. Anderson has been lead counsel. He graduated *cum laude* from Harvard Law School in 1987 and *magna cum laude* in Philosophy from Harvard University in 1984. He clerked for Judge Richard S. Arnold of the U.S. Court of Appeals for the Eighth Circuit from 1987-89. He has extensive appellate experience, including several published cases enforcing labor arbitration awards. *Eisenmann Corp. v. Sheet Metal Workers*, 323 F.3d 375 (6th Cir. 2003); *Law Fabrication v. Sheet Metal Workers Local 15*, 396 F.Supp.2d 1306 (M.D. Fla. 2005), and *UFCW Local 464A v. Foodtown, Inc.*, 317 F.Supp.2d 522 (D.N.J. 2004). Anderson Decl. at ¶¶ 2-5.

Arlus J. Stephens has been associate counsel. Stephens is a 1996 honors graduate of The Ohio State University College of Law and a 1992 honors graduate

of the University of Dayton (B.A., History).  He has successfully litigated several

cases concerning labor arbitration, including *Hotel Employees & Restaurant*

*Employees Union Local 57 v. Sage Hospitality Resources LLC*, 390 F.3d 206

(3d Cir. 2004); *Rutgers Organics Corp. v. United Steelworkers*, 212 F.Supp.2d

357 (M.D. Pa. 2002); *Dyno Nobel v. United Steelworkers*, 77 F.Supp.2d 307

(N.D.N.Y. 1999) and *VAW of America v. United Steelworkers*, 53 F.Supp.2d 187

(N.D.N.Y. 1999).  He is the author of a law review article on labor arbitration,

"The Sixth Circuit's Approach to the Public-Policy Exception to the Enforcement

of Arbitration Awards:  A Tale of Two Trilogies," 11 Ohio St. J. Disp. Resol. 441

(1996).

    **B.     Hourly rate**

        **1.     The *Laffey* index as updated by the legal services**
                **component of the Consumer Price Index:  *Salazar***

      The prevailing market rates for legal work in Washington D.C. are set forth

in the updated fee matrix first adopted in *Laffey v. Northwest Airlines, Inc.*, 572

F.Supp. 354, 371 (D.D.C. 1983) ("the *Laffey* matrix.")  This matrix is updated by

the Consumer Price Index.  The U.S. Attorney's Office updates that matrix yearly

according to the general Consumer Price Index for all goods and services.  *See*

*Salazar v. District of Columbia*, 123 F.Supp.2d 8, 13-15 (D.D.C. 2000).

The *Salazar* Court criticized the U.S. Attorney's methodology, however, because it uses the <u>general</u> CPI for all goods and services, rather than the specific CPI for legal services.  123 F.Supp.2d at 14-15.  The Court agreed with the plaintiff's expert that "[e]conomists use as specific an index as possible to determine changes in prices in a part of an industry, such as here changes of prices in legal services in the District of Columbia . . .components of the Consumer Price Index are the better tool to use to update an industry's prices rather than the entire Consumer Price Index."  *Salazar*, 123 F.Supp.2d at 15.

The Third Circuit recently followed *Salazar* in determining the *Laffey* index for Washington D.C.-based counsel as updated by the CPI for legal services alone. *Interfaith Community Organization v. Honeywell International, Inc.*, 426 F.3d 694, 708 n.11 (3d Cir. 2005) According to the Third Circuit, the *Laffey* index for legal services in Washington D.C. for 2005 was:

| Years of Attorney Experience | Hourly Rate |
|:---:|:---:|
| 20+ | $549 |
| 11-19 | $456 |
| 8-10 | $404 |
| 4-7 | $280 |

*Interfaith Community Organization v. Honeywell International, Inc.*, 426 F.3d 694, 708 n.11 (3d Cir. 2005)

4

**2.    The *Laffey* index as updated by the general Consumer Price Index:  the U.S. Attorney's Office website**

In the alternative, the *Laffey* matrix calculated based on the general

Consumer Price Index is set forth on the U.S. Attorney's website:

(www.usdoj.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_5.html).

The U.S. Attorney's *Laffey* matrix gives the following prevailing market

rates for 2005-06:

|                | Year         |
|----------------|--------------|
| **Experience** | **2005-06**  |
| **20+ years**  | 405          |
| **11-19 years**| 360          |
| **8-10 years** | 290          |
| **4-7 years**  | 235          |
| **1-3 years**  | 195          |
| **Paralegals** | 115          |

Anderson Decl. ¶ 13 and Ex. B.

**C.    Hours spent**

Anderson spent 96.7 hours and Stephens spent 73.2 hours on this case.

Their computerized time reports are attached as Ex. A to Anderson Decl.

This work included:

•      client conferences;

•      preparing the Answer and Counterclaim;

5

- researching and writing a 34-page Opening Brief to address the multiple grounds to vacate the award raised in M.R.S. Enterprises' Complaint to Vacate.  These issues included M.R.S.'s claim that it was never bound by the Local 40 Agreement, First Amended Complaint, ¶¶ 9-10 (answered in Local 40's opening brief at 16-19), that M.R.S. had an automatic right to repudiate interest arbitration on the expiration date of its prior agreement, First Amended Complaint, ¶¶ 18, 25 (answered in Local 40's opening brief at 19-26), that the contractual requirement of a "deadlock" was never met, First Amended Complaint, ¶¶ 17, 19 (answered in Local 40's opening brief at 26-30), and that the National Joint Adjustment Board was biased.  First Amended Complaint, ¶¶ 22-23  (answered in Local 40's opening brief at 30-32). Local 40 counsel also had to research and brief the applicable standard of review, the applicability of the Federal Arbitration Act, 9 U.S.C. §§ 1, the policy of expediting confirmation of arbitration awards, the deference due arbitration awards, and the enforceability of the Agreement's contractual fee-shifting.

- Preparing a Statement of Material Facts Not in Dispute, including 24 material facts with record citations, in compliance with Local Rule 56.1;

- Preparing a Declaration of David Roche in support of the motion;

- Conferring with opposing counsel and preparing a response to the Court's Case Management Conference Order;

- Reviewing M.R.S. Enterprises' Opposition to Motion to Enforce,  researching and briefing Local 40's Reply Brief, including the procedural issues of the burden of proof for claims of mootness, and the applicability of the "one worker unit" rule;

- Preparing a Reply Declaration of David Roche;

- Preparing for the hearing scheduled April 14;

- Reviewing the Court's decision, and conferring with the client;

- Researching and preparing this fee application and supporting affidavits.

## ARGUMENT

## I.    STANDARD OF REVIEW

The starting point used in calculating fee awards is a "lodestar" figure reached by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Martini v. Fed. Nat'l Mortg. Ass'n*, 977 F.Supp. 482, 484 (D.D.C. 1997). The resulting figure is presumptively the amount of the final award. "When . . . the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee" to which counsel is entitled. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

## II.    CALCULATION OF THE LODESTAR

### A.    Local 40's Counsel Are Entitled to the Prevailing Market Rate.

Reasonable hourly rates for calculation of the lodestar are measured by prevailing market rates in the relevant community for attorneys of similar experience and skill. *See, e.g.*, *Save our Cumberland Mountains, Inc. v. Hodel*,

857 F.2d 1516, 1521 (D.C. Cir. 1988) (*en banc*); *Copeland v. Marshall,* 641 F.2d

880, 892 (D.C.Cir.1980) (*en banc*); *New York v. Microsoft*, 297 F.Supp.2d 15, 27

(D.D.C. 2003).

In this case, Local 40 agreed to the prevailing market rate, although its counsel

agreed to accept a discounted rate in the event Local 40 did not prevail. Anderson

Decl. at ¶ 13.  As lawyers representing small labor organizations, Local 40's counsel

commonly discounts its hourly rate because of the public-interest nature of its work.

This make no difference to its counsel's entitlement to the prevailing market rate.

Prevailing market rates apply even where the attorney otherwise charges clients a

discounted rate for ideological reasons.  *See Board of Trustees of the Hotel and*

*Restaurant Employees Local 25 v. JPR, Inc.*, 136 F.3d 794, 800-807 (D.C. Cir. 1998);

*Save our Cumberland Mountains*, 857 F.2d at 1524.

### B.    The Prevailing Market Rate:  The *Laffey* Matrix

The D.C. Circuit applies the matrix of prevailing rates first adopted in

*Laffey v. Northwest Airlines, Inc.*, 572 F.Supp. 354, 371 (D.D.C. 1983).  *Save our*

*Cumberland Mountains*, 857 F.2d at 1519, 1525.  Parties may rely on the *Laffey*

matrix as proof of prevailing market rates in the Washington, D.C. area.  *See*

*Covington v. District of Columbia*, 57 F.3d 1101, 1105 & n. 14, 1109 (D.C. Cir.

1995).  A party may rely on the *Laffey* matrix alone, without canvassing the local

8

attorney market further.  *Salazar v. District of Columbia*, 123 F.Supp.2d 8, 14

(D.D.C. 2000).

> **1.     The *Laffey* index as updated by the legal services
> component of the Consumer Price Index:  *Salazar***

The Court should apply the 2005 rates for legal services for Washington

D.C.-based counsel set forth in *Interfaith Community Organization v. Honeywell*

*International, Inc.*, 426 F.3d 694, 708 n.11 (3d Cir. 2005), which adopted the

approach in *Salazar v. District of Columbia*, 123 F.Supp.2d 8, 14 (D.D.C. 2000).

As the *Salazar* Court held, the U.S. Attorney's methodology understates the

true prevailing market rate, by updating the *Laffey* matrix by the Consumer Price

Index for <u>all</u> goods and services, rather than the more relevant CPI for legal

services.  The *Salazar* Court's adoption of the CPI for legal services, 123

F.Supp.2d at 15, is more appropriate.  The Third Circuit's decision in *Interfaith*

*Community Organization*, 426 F.3d at 708 n.11, sets forth those correctly

calculated rates:  $456 for an attorney of Anderson' experience and $404 for

counsel of Stephens'.

> **2.     The *Laffey* index as updated by the general Consumer
> Price Index:  the U.S. Attorney's Office website**

If the Court does not follow *Salazar*, the Court should apply the rates in the

U.S. Attorney's website calculated from the general CPI.  According to that

matrix, the prevailing market rate in 2005-06 for a 1987 law school graduate like Michael Anderson is $360, while the prevailing market rate for a 1996 law school graduate like Arlus Stephens is $290.  Anderson Decl., Ex. B (www.usdoj.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_5.html).

### C.     The Hours Expended Are Reasonable.

Local 40's counsel has brought this case to resolution as quickly and efficiently as possible.  We have not spent unnecessary time on discovery or pre-trial motion practice.  Local 40 immediately moved with a dispositive motion that addressed all challenges plead in M.R.S.'s complaint.  However, the sweeping nature of M.R.S.'s challenges in its Complaint required Local 40 to research exhaustively and brief the issue thoroughly.  While M.R.S. abandoned all of these challenges in its opposition, it cannot complain that Local 40's counsel spent time on a comprehensive opening brief.

Local 40 is also entitled to a fee award for counsel's time in preparing the attorneys' fee application.  *New York v. Microsoft*, 297 F.Supp.2d 15, 45 (D.D.C. 2003) (citing cases.)  Its claim for expenses, principally Westlaw research charges, is also well within reason.  *See Salazar*, 123 F.Supp.2d at 16-17.

/ / /

/ / /

10

## CONCLUSION

The Court should grant Local 40's Application for Attorneys' Fees and Costs. Applying the prevailing market rates of the *Laffey* matrix as updated by the legal services component of the Consumer Price Index, this amounts to $73,668 in fees, together with $1045.85 in expenses. In the alternative, applying the prevailing market rates of the *Laffey* matrix as updated by the general Consumer Price Index, as the U.S. Attorney's Office does, this amounts to $56,040 in fees, together with $1045.85 in expenses.

Dated: April 25, 2006                    Respectfully submitted,


                                        /s/ Michael Anderson
                                        _____
                                        Michael T. Anderson (DC Bar 459617)
                                        Arlus J. Stephens (DC Bar 478938)
                                        Davis, Cowell & Bowe LLP
                                        1701 K Street NW, Suite 210
                                        Washington, DC 20006
                                        (202) 223-2620
                                        (202) 223-8651 (fax)

                                        Attorneys for Defendant/Counterclaimant
                                        Sheet Metal Workers Int'l Assn. Local 40

50/C:\DCB\MTA\MRS Fee Petition.wpd
4/24/2006/16:33:38 USM40 4930