UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

M.R.S. ENTERPRISES, INC.            )
    Plaintiff/Couterclaim Defendant  )
                                     )
VS.                                 )
                                     )   C.A. NO. 1:05CV01823
SHEET METAL WORKERS INTERNATIONAL   )
ASSOCIATION LOCAL NO. 40            )
    Defendant/Counterclaimant        )

PLAINTIFF/COUNTERCLAIM DEFENDANT'S
OPPOSITION TO THE COUNTERCLAIMANT'S
APPLICATION FOR ATTORNEY'S FEES

    Counterclaimant, Sheet Metal Workers' International Association Local 40 (Local 40) has filed an Application for Attorney's Fees as a result of a order of this Court dated April 11, 2006 finding for Local 40 and allowing its Motion for the Payment of Attorney's Fees and Costs. The Plaintiff/Counterclaim Defendant, M.R.S. Enterprises, Inc. (M.R.S.) opposes the amount of legal fees that Local 40 is seeking in its application for the following reasons.

THE HOURS SPENT ARE NOT REASONABLE

    Local 40's counsel has requested that this Court grant it attorney's fees for 169.9 hours allegedly spent on filing an Answer and Counterclaim, Motion to Enforce the Arbitration Award with Supporting Memorandum of Law and a Reply Brief. Local 40 employed two attorneys, Michael T. Anderson, who allegedly spent 96.7 hours on the above work and an associate of Mr. Anderson, who allegedly spent 73.2 hours on the above-described work. M.R.S. respectfully

suggests that the amount of hours allegedly worked by both attorneys is inflated by approximately 100%.

In reviewing the breakdown of hours attached to the application, it appears that Messrs. Anderson and Stephens spent 31.5 hours preparing the Answer and Counterclaim which included four hours on issues that were not raised by the Plaintiff, including benefit funds and legal research in to the right to picket for an 8(f) Agreement.  The attorneys for Local 40 then state that they spent approximately 114.4 hours preparing the Memorandum of Law in support of their Motion to Confirm the Arbitration Award and a Reply Brief to the opposition filed by M.R.S.  What appears to be even more egregious is the four hours Local 40's attorneys are charging to read the 16-page decision of this Court along with 20 hours to prepare their application for the fee.  It also appears that Messrs. Anderson and Stephens spent over 20 hours talking to each other on the telephone or in e-mail communications.  This time is clearly duplicative, redundant and unnecessary.

The Supreme Court directed the District Courts in <u>Hensley v. Eckerhart</u>, 461 US 424 (1983) to ". . . exclude from this initial fee calculation hours that were not 'reasonably expended'.  Cases may be overstaffed, and the skill and experience of lawyers vary widely.  Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.  'In the private sector, billing judgment is an important component in fee setting.  It is no less important here.  Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." Citing from <u>Copeland v. Marshall</u>, 641 F. 2d 880, 891 (1980).

The lead attorney for Local 40, Michael T. Anderson, refers to his federal court successes, along with his years of experience, as reasons for his entitlement to be paid an hourly rate which exceeds his customary rate for this client by 80%. The rate appropriate for this case will be discussed in the second part of this opposition. The cases, however, that Mr. Anderson referred to in his application mirror the type of dispute that existed here between Local 40 and M.R.S. In fact, the decision in Law Fabrication LLC v. Local 15 of the Sheet Metal Workers' International Association Board of Trustees, AFL-CIO, et al, 396 F. Supp 1306 (2005) is a case exactly on the same issue as that raised by M.R.S. in its Motion to Vacate the Arbitration Award, to wit: The application of Article X, Section 8 to an employer's attempt to terminate the collective bargaining agreement at its expiration. Notwithstanding Mr. Anderson's claimed expertise on this issue and his long-time representation of the Sheet Metal Workers' International Association (SMWIA), Mr. Anderson's firm has billed Local 40 28.1 hours just on the issue of Article X, Section 8.

It strains credulity, that Local 40's law firm would expend that amount of time on issues it had just successfully briefed in the Law Fabrication case, supra, which was decided on October 6, 2005, the very month that Local 40's law firm was working on its Answer, Counterclaim and Memorandum of Law in this case. The firm then spent an additional 114 hours researching the same issues, interest arbitration, federal court deference to arbitration decisions, Article X, Section 8 as it pertains to termination of the contract, an employer's right to terminate under the decision in John Deklewa v. International Association of Bridge, Structural and Ornamental Iron Workers, 843 Fd 2d 770 (1988) including preparation of affidavits and editing and rewriting of the two memoranda. As the Supreme Court stated in Hensley, supra, ". . . the fee applicant bears the burden of establishing entitlement to an award and documenting the

appropriate hours expended and hourly rates. The applicant should exercise 'billing judgment' with respect to hours worked, and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." Id @ 434  It is difficult, at best, to imagine two attorneys spending 114 hours reviewing their firm database for case law supporting Local 40's position and rewriting the two memoranda. Many of the cases cited in the Law Fabrication case, supra, by Local 40's law firm, were also cited in its memoranda in this case. Presumably, memoranda of law, which have been utilized by Local 40's attorney's successfully in prior cases on the same issues, would be readily available in the firm's database.

  While a firm is entitled to be reimbursed for the time it spends preparing its application for attorney's fees pursuant to a court award, it is unreasonable to believe that it would take 20 hours to prepare the fee application. Attachment A to the Declaration of Michael T. Anderson in support of the Application for Attorney's Fees is the computer printout prepared by the office showing the chronology of the billing events in this case. That document, by itself, establishes the 169.9 hours that the firm allegedly spent in this case. The memoranda attached to the Application for Attorney's Fees deals with the Laffey Matrix established for the Washington, DC Circuit in Laffey v. Northwest Airlines Inc., 572 Fd Supp. 354, 371 (D.D.C. 1983). Local 40 then spends an inordinate amount of time explaining the differences between the Laffey Matrix and its reliance on the Consumer Price Index (CPI) increases for legal services versus the U.S. Attorney's methodology of using the CPI for all goods and services. It appears that the vast majority of the 20 hours spent preparing the Application for Attorney's Fees, was in researching the Laffey Matrix and the U.S. Attorney's methodology rather than in producing the actual hours spent in the litigation at the rates the firm customarily charges Local 40. Twenty hours spent preparing the Application for Attorney's Fees is unreasonable.

## THE ATTORNEY'S FEES MUST BE BASED ON THE
## CUSTOMARY HOURLY CHARGE TO THE CLIENT

When a court awards attorney's fees to a prevailing party, it is to reimburse that party for the expenses it should not have incurred to either defend itself before the court or pursue, as in this case, the enforcement of an arbitration award.  The attorney's fees provision is actually contained in the collective bargaining agreement.  The award of the attorney's fees is not a prize to the attorney for winning the case.  By their own admission, Messrs. Anderson and Stephens charge Local 40 $205.00 per hour for Mr. Anderson's time and $185.00 for Mr. Stephens' time.  This is not a discount because of the "public-interest nature of its work", but, rather, it is the customary rate that local unions pay their counsel in Washington, DC, New York, and Boston. "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary*". Copeland, supra.  When the law firm decided to represent labor organizations, it accepted the prevailing hourly rates that labor organizations customarily pay to their attorneys. The firm is not entitled to a bonus, reward or other prize against M.R.S. because it made such a deal with its own client.  If Local 40 wishes to reward Davis, Cowell and Bove, LLP for winning this case, it is free to do so.  Any such bonus or award cannot be assessed against M.R.S.

Federal Courts have consistently held that the first step in determining a reasonable attorney's fee is to ascertain a reasonable hourly billing rate.  Trustees of International Brotherhood of Teamsters Union No. 727 Pension Fund, and Trustees of Teamsters Local No. 727 Health and Welfare Fund v. O'Donnell-Bartz-Schultz Funeral Home, LTD, U.S. District Court for the Northern District of Illinois, Eastern Division 1996 U.S. Dist. LEXIS 10023.  The next step in determining reasonable attorney's fees is to ascertain the lodestar figure; this is done by multiplying the reasonable number of hours by the reasonable hourly billing rate.  As clarified by the Hensley court, however, a reasonable fee requires more inquiry by a district court than

finding the product of reasonable hours times a reasonable rate.  <u>Hensley</u>, supra @ 434.  As stated in <u>Darryll Simpson v. Michael Sheahan</u>, U.S. District Court for the Northern District of Illinois, Eastern Division 1996 U.S. Dist. LEXIS 7014.  "The central responsibility of a trial court in determining reasonable fees is to consider the circumstances of the case, including a comparison of the amount of damages awarded with the damages sought."

This case was a simple motion to confirm an arbitration award filed as a counterclaim to the Plaintiff's motion to vacate the award.  There was no discovery, there was no trial and there was not even a dispute as to the schedule.  The case was resolved on cross-motions for summary judgment with supporting memoranda of law and affidavits.  The issue has been litigated by Local 40's attorneys many times and there were no extraordinary issues presented in this case.

## CONCLUSION

M.R.S. respectfully submits that a reasonable amount of time expended on this project should be approximately 50 hours for Michael T. Anderson and 40 hours for Mr. Stephens.  At the rates it customarily charge Local 40, Davis, Cowell and Bove, LLP is entitled to attorney's fees in the amount of $19,900 plus expenses of $1,045.85.

Respectfully submitted,

M.R.S. ENTERPRISES, INC.
By its Attorney,

Dated:  May 4, 2006

/s/ *James F. Grosso*
James F. Grosso, Pro Hac Vice
BBO 213320
O'Reilly, Grosso & Gross, P.C.
1671 Worcester Road, Suite 205
Framingham, MA   01701-5400
Tel:  508/620-0055
Fax: 508/620-7655