## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

M.R.S. ENTERPRISES, INC.,

    Plaintiff and Counterdefendant,

           v.                          Case No. 1:05-CV-01823

SHEET METAL WORKERS'
INTERNATIONAL ASSOCIATION,        Judge Kollar-Kotelly
LOCAL 40; and THE NATIONAL
JOINT ADJUSTMENT BOARD FOR
THE SHEET METAL INDUSTRY,

    Defendants and Counterclaimant.
_____/

## COUNTERCLAIMANT SHEET METAL WORKERS LOCAL 40'S REPLY TO M.R.S. ENTERPRISES' OPPOSITION TO APPLICATION FOR ATTORNEYS' FEES

M.R.S. Enterprises argues that Local 40's attorney time of 169.9 hours was unreasonable. It further argues that Local 40's counsel should not be allowed the prevailing market rate. Both objections are meritless.

**I.    The Union's Attorney Time Was Reasonable.**

    **A.    Two weeks' work for two lawyers was a reasonable expenditure of time to win relief.**

The Union's counsel won a published decision confirming the NJAB award for the equivalent of two weeks' work apiece for two attorneys. Most of this time

was spent preparing an appellate-quality opening brief that comprehensively

addressed M.R.S.'s multiple challenges in its Opening Complaint. The Union's

counsel put together complete documentation, a lengthy statement of material facts

and evidentiary proof, in compliance with local rules.

In hindsight, this time may now seem out of proportion to M.R.S.'s

subsequent response. M.R.S. filed a perfunctory opposition abandoning all

challenges raised in its Complaint, failed to provide the Court with any evidence

supporting its new claim of mootness, and did not prepare its own counter-

statements in compliance with local rules.

This is not the fault of Union counsel. It was M.R.S. that chose this forum,

and it was M.R.S. that initially asserted a broad array of objections to the award.

It cannot now complain that its initial challenges required Union counsel to

prepare a comprehensive brief in defense of the award. This is especially so given

that it appears it was the strength of the Union's arguments that caused M.R.S. to

forego those initial challenges.

**B.     M.R.S.'s specific objections are meritless**.

M.R.S. complains, M.R.S. Opp. at 2, that Union counsel spent time

speaking to representatives of benefit funds affected by M.R.S.'s repudiation of

the contract. (*See, e.g.*, 10/24/05 entry, Ex. A to Anderson Decl.) This was an

important decision for the Union's litigation – whether the Union should urge the benefit funds to intervene, or whether the Union should avoid delay and seek to have the award enforced first.

M.R.S. also complains that the Union researched the right of unions to picket for §8(f) agreements, which it claims was not an issue in this case. M.R.S. Opp. at 2. M.R.S. fails to read the Union's papers, *see* Union Opening Brief (Dkt. 10) at 26, citing *NVE Constructors, Inc. v. NLRB*, 934 F.2d 1084, 1087 (9th Cir. 1991) (unions may lawfully strike and picket to pressure non-union employers into §8(f) agreements). The Union argued that it would have had a right to picket M.R.S., absent the no-strike promise of Article X, section 8. This was central to the Union's argument that it had given valuable consideration by giving up its right to picket for a new §8(f) agreement in return for interest arbitration. Union Opening Brief (Dkt. 10) at 26.

M.R.S. also misrepresents the record when it complains that Union counsel spent four hours to read the Court's decision, or spent 20 hours on the phone to each other. M.R.S. Opp. at 2. M.R.S. is taking time entries that <u>include</u> such tasks along other related activities, *see e.g.*, 4/11/06 entry for Arlus Stephens "review judge's decision and court order, conferences with [co-counsel]; begin researching and preparation of fee application." The four hours billed here were not simply

3

spent reading the order– this was spent on taking the next steps after receiving the Order.  Similarly, telephone conferences do not amount to 20 hours – M.R.S. is simply adding up all entries that <u>include</u> such calls.

M.R.S finally argues that the Union's time was duplicative in that Union counsel litigated another case involving Article X, section 8, *Law Fabrication v. Sheet Metal Workers Local 15*, 396 F.Supp.2d 1306 (M.D. Fla. 2005).  M.R.S.'s argument is wrong.  Most of M.R.S.' challenges to the award were not raised in *Law Fabrication*.  To be sure, the employer in *Law Fabrication* did argue that, based on the specific contract language, it was not bound by interest arbitration. 396 F.Supp.2d at 1309-10.  However, the employer in *Law Fabrication* did not claim, as M.R.S. did here, that 1) it was never bound by the prior agreement to begin with, that 2) it had a statutory right to repudiate under *John Deklewa & Sons*, 282 NLRB 1375, 1386 (1987) *enforced* 843 F.2d 770 (3d Cir. 1988); 3) that the parties were not at "deadlock," 4) that the National Joint Adjustment Board was biased, and 5) that the employer could repudiate the Agreement under the "one-worker" rule.  Even as to the issues in common, Union counsel in this case had to research and support its position under D.C. Circuit law, rather than Eleventh Circuit law.  A simple repetition of its arguments in *Law Fabrication*

would not have covered the issues, nor would it have addressed the relevant Circuit authority.

## II.    The Union is Entitled to the Prevailing Market Rate.

M.R.S. complains that the Union spent significant time researching and briefing the application of the *Laffey* matrix as updated by the legal services component of the Consumer Price Index, *see Salazar v. District of Columbia*, 123 F.Supp.2d 8, 15 (D.D.C. 2000), *cited in Interfaith Community Organization v. Honeywell International, Inc.*, 426 F.3d 694, 708 & n.11 (3d Cir. 2005), compared to the general Consumer Price Index, as the U.S. Attorney's Office does.  M.R.S. Opp. at 4.

Yet M.R.S. does not attempt to answer or rebut the Union's argument. Rather than defend the U.S. Attorney's *Laffey* methodology against the *Salazar* court's critique, M.R.S. flatly asserts that the Union counsel is not entitled to prevailing market rates <u>at all</u>.  It claims that Union counsel are limited to the actual discounted fees they charge union clients.  M.R.S. Opp. at 5 ("When the law firm decided to represent labor organizations, it accepted the prevailing hourly rates that labor organizations customarily pay to their attorneys.")

This is exactly the argument the *en banc* D.C. Circuit rejected in *Save our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516, 1520-21 (D.C.Cir. 1988).

5

*See also Board of Trustees of the Hotel and Restaurant Employees Local 25 v. JPR, Inc.*, 136 F.3d 794, 800-807 (D.C.Cir. 1998) (union trust fund attorneys entitled to prevailing market rates, not actual rates, if their discount was given for public-spirited reasons); *Sexcius v. District of Columbia*, 839 F.Supp. 919, 921-922 (D.D.C. 1993) ("[Plaintiffs' counsel] have a tradition of representing the constitutional and statutory rights of individual employees and employee groups, including labor unions.  Because counsel earn their living from their practice, they cannot afford to represent their clients for free.  Instead, they represent their worthy but not wealthy clients at below-market rates. Lawyers who make this kind of noble compromise may recover prevailing market rates for their work.") In these cases, the courts of this Circuit rejected the theory that the "market" rate for ideologically motivated lawyers is defined by the lower rates paid by their relatively impecunious clients.  M.R.S.'s Opposition does not bother to address this authority, nor does it bother to cite any D.C. Circuit authority for its position.

Once the Court rejects M.R.S.'s claim that Union counsel is limited to its discounted billing rates, the Court may grant the Union's otherwise unopposed argument for the *Salazar* rates (applied in *Interfaith Community Organization,* 426 F.3d at 708 & n.11.)  Since M.R.S. abandons any argument distinguishing the different approaches to the *Laffey* matrix, the Court may take its silence as a

6

concession that, if the *Laffey* matrix applies at all, it should be updated by the legal services component of the CPI.

To be sure, the prevailing hourly rates of attorneys in Washington D.C. are among the highest in the country. But M.R.S. may not complain about this – it chose to bring Local 40 into this expensive forum when it filed its complaint here.

**<u>CONCLUSION</u>**

The Court should grant Local 40's Application for Attorneys' Fees and Costs.

Dated: May 8, 2006                    Respectfully submitted,


  s/ Michael T. Anderson
Michael T. Anderson (DC Bar 459617)
Arlus J. Stephens (DC Bar 478938)
Davis, Cowell & Bowe LLP
1701 K Street NW, Suite 210
Washington, DC 20006
(202) 223-2620
(202) 223-8651 (fax)

Attorneys for Defendant/Counterclaimant
Sheet Metal Workers Int'l Assn. Local 40