# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

M.R.S. ENTERPRISES, INC.,

    Plaintiff and Counterdefendant,

        v.                     Case No. 1:05-CV-01823

SHEET METAL WORKERS'
INTERNATIONAL ASSOCIATION,      Judge Kollar-Kotelly
LOCAL 40,

    Defendant and Counterclaimant.
_____/

**COUNTERCLAIMANT SHEET METAL WORKERS LOCAL 40'S**

**MOTION FOR ORDER TO SHOW CAUSE**

**WHY M.R.S. ENTERPRISES SHOULD NOT BE HELD IN**

**CIVIL CONTEMPT OF THIS COURT'S APRIL 11, 2006 ORDER**

**AND SUPPORTING MEMORANDUM OF LAW**

Michael T. Anderson (DC Bar 459617)
Arlus J. Stephens (DC Bar 478938)
Davis, Cowell & Bowe LLP
1701 K Street NW, Suite 210
Washington, DC 20006
(202) 223-2620
(202) 223-8651 (fax)

Attorneys for Defendant/Counterclaimant
Sheet Metal Workers Int'l Assn. Local 40

## MOTION FOR ORDER TO SHOW CAUSE

Counterclaimant Sheet Metal Workers International Assn. Local 40 ("the Union" or "Local 40") respectfully moves this Court for an Order directing Counterdefendant M.R.S. Enterprises to show cause why it is not in civil contempt of this Court's April 11, 2006 order.

This Motion is based on the following memorandum of law, as well as the Declaration of Michael T. Anderson filed herewith, and all other papers and pleadings in this action.

Pursuant to Local Rule 7(m), Local 40 counsel Michael Anderson called James F. Grosso, counsel for M.R.S. Enterprises, Inc. on Wednesday, May 17, 2006, notifying him that the Union intended to file a Motion to enforce the Court's Order, in an effort to resolve or narrow the issue . Mr. Grosso asked Anderson to hold off on filing the motion until Monday, May 22 to see if his client would resolve the case. Today, May 22, Mr. Grosso told Anderson that M.R.S. would not comply with the Order, and that it would seek a stay of the Order.

\\

\\

1

Dated: May 22, 2005                Respectfully submitted,


                                   _s/ Michael T. Anderson_____
                                   Michael T. Anderson (DC Bar 459617)
                                   Arlus J. Stephens (DC Bar 478938)
                                   Davis, Cowell & Bowe LLP
                                   1701 K Street NW, Suite 210
                                   Washington, DC 20006
                                   (202) 223-2620
                                   (202) 223-8651 (fax)

                                   Attorneys for Defendant/Counterclaimant
                                   Sheet Metal Workers Int'l Assn. Local 40

## MEMORANDUM OF LAW

## INTRODUCTION

Counterdefendant M.R.S. Enterprises ("M.R.S.") is refusing to comply with

this Court's April 11, 2006 Order.  M.R.S. did not move for a stay of this Court's

Order until Union counsel sought to meet and confer over this Motion on May 17,

2006.  M.R.S. relies solely on its Notice of Appeal, filed May 11, 2006.

M.R.S. is mistaken.  It has a duty to comply with this Court's Order until

and unless that Order is stayed.  Its pending appeal does not relieve it of the duty

to comply.  *Deering Milliken, Inc. v. F.T.C.,* 647 F.2d 1124, 1129 & n.11

(D.C.Cir.1978); *American Rivers v. U.S. Army Corps of Engineers*, 274 F.Supp.2d

62, 68 (D.D.C. 2003).

The Court should order M.R.S. to purge itself of contempt by complying with the Court's Order.  The Court may provide for further coercive remedies in the event of ongoing non-compliance.  The Court should also award Local 40 its attorneys fees on this motion.

## STATEMENT OF FACTS

On April 11, 2006, this Court entered an Order enforcing the June 28, 2005 arbitration award issued by the National Joint Adjustment Board.  (Dkt No. 19.) That award required M.R.S. Enterprises to execute a collective bargaining agreement with Counterclaimant Sheet Metal Workers Local 40 ("the Union" or "Local 40") on the same terms as the 2005-2010 collective bargaining agreement (CBA) between the Associated Sheet Metal and Roofing Contractors of Connecticut and Local 40.  Exhibit C to Counterclaim.

Despite this Order, M.R.S. Vice President Steven Levesque wrote a letter on May 5, 2006 refusing to participate in grievance proceedings under the Local 40 agreement.  Ex. A to Anderson Decl. in Support of Motion for Order to Show Cause.  Mr. Levesque contended that, notwithstanding the Court's judgment, the agreement with Local 40 terminated as of June 30, 2005.  Mr. Levesque concluded that the grievance board under the Sheet Metal Workers agreement had no authority over M.R.S.  Ex. A to Anderson Decl.

On May 9 and 16, 2006, Union counsel twice wrote M.R.S.'s counsel to ask whether M.R.S. would be complying with the Court's order.  Exs. B and C to Anderson Decl. On May 16, Union counsel notified M.R.S. that the Union would have to seek relief from the Court if M.R.S. did not comply. On May 17, 2006, M.R.S.'s counsel James Grosso responded that "M.R.S. has appealed the Court's decision and therefore my client will not be executing the agreement pending appeal."  Ex. D. to Anderson Decl.

On May 17, 2006, Union counsel Michael Anderson called James F. Grosso, counsel for M.R.S. Enterprises, Inc., notifying him that the Union intended to file a Motion to enforce the Court's Order. Anderson Decl. ¶6. Union counsel sought to confer in good faith in an effort to resolve or narrow the issue pursuant to Local Rule 7(m). M.R.S. counsel Grosso asked Union counsel Anderson to hold off until Monday, May 22 to see if his client would resolve the case.  Anderson Decl. ¶6.  On May 22, 2006, Anderson called Mr. Grosso again. M.R.S. counsel Grosso told Union counsel Anderson that M.R.S. would not comply with the Order, and that it would seek a stay of the Order.  M.R.S. electronically filed its Motion to Stay within minutes after this conversation.  *Id.*

## ARGUMENT

## I.    THE COURT SHOULD ISSUE AN ORDER TO SHOW CAUSE.

The Court should issue an order for M.R.S. to show cause why it is not in civil contempt of this Court's order.

### A.    M.R.S. Refuses to Comply with the Court's Order.

Even after this Court's April 11, 2006 order, M.R.S. is continuing to refuse to execute the CBA.  M.R.S. apparently takes the position that it is not obligated to comply with this Court's order while its appeal is pending.   M.R.S. is mistaken.

### B.    The Court's Order Was Immediately Effective.

An order enforcing an arbitration award is "the equivalent of a permanent injunction and amounted to a final judgment on the merits order granting an injunction."  *Boston Celtics Limited Partnership v. Shaw,* 908 F.2d 1041, 1049 (1st Cir.1990).  *See also Electrical Workers Pension Trust Fund v. Gary's Electric Service Co.*, 340 F.3d 373, 376-379 & n.3 (6th Cir. 2003); *Electrical Workers Local 545 v. Hope Electrical Corp.*, 293 F.3d 409, 417-418 (8th Cir. 2002); *BPS Guard Services, Inc. v. United Plant Guard Workers Local 228*, 45 F.3d 205, 208-210 (7th Cir. 1995); *Harrison Baking Co. v. Bakery and Confectionery Workers Local 3*, 777 F.Supp. 306, 310 (S.D.N.Y. 1991).

A court order confirming an arbitration award is enforceable through contempt proceedings. *Gary's Electric Service Co.*, 340 F.3d at 378-379; *Hope Electrical Corp.*, 293 F.3d at 417-418; *BPS Guard Services*, 45 F.3d at 208-210.

A party subject to such an order has an immediate duty to comply. An injunction is not subject to the 10-day stay of Rule 62(a). Rule 62(a) explicitly excepts "action[s] for an injunction." Fed.R.Civ.P. 62(a); see also 11 Charles A. Wright et al., *Federal Practice & Procedure* § 2902 (2d ed. 2005); *id.* § 2904 ("There is no automatic stay in actions for injunctions...."). Rather, the provision governing a stay of an injunction is Rule 62(c), which makes the issuance of a stay discretionary.

## C.     Absent a Stay, M.R.S.'s Appeal Does Not Relieve it of the Duty to Comply with the Court's Order.

M.R.S. did not attempt to move for a stay of this Court's Order until Union counsel sought to meet and confer on this Motion. Anderson Decl., ¶6.

Until the defendant obtains a stay, an appeal from an order does not release the defendant's duty to comply with the order. "The vitality of [a district court's] judgment is undiminished by pendency of the appeal. Unless a stay is granted either by the court rendering the judgment or by the court to which the appeal is taken, the judgment remains operative." *Deering Milliken, Inc. v. F.T.C.,* 647 F.2d 1124, 1129 & n.11 (D.C.Cir.1978). *See also In re Copper Antitrust Litigation*,

6

436 F.3d 782, 793 (7th Cir. 2006) ("The general rule is that the judgment of a

district court becomes effective and enforceable as soon as it is entered; there is no

suspended effect pending appeal unless a stay is entered.");  *LiButti v. U.S.*, 178

F.3d 114, 121 (2d Cir. 1999) ("It has been long-established law that simply filing

an appeal from the grant or denial of an injunction – absent a stay of further

proceedings – does not enjoin the operative effect of the trial court's ruling from

which the appeal is taken.")

The mere fact that M.R.S. has belatedly <u>applied</u> for a stay does not entitle it

to refuse to comply with the order.  *American Rivers v. U.S. Army Corps of*

*Engineers*, 274 F.Supp.2d 62, 68 (D.D.C. 2003) ("Moving to stay an order does

not represent a good faith effort to comply with that order; rather, it represents an

effort to *postpone* compliance with that order in the hope that it will be overturned

on appeal.")  This rule applies to orders enforcing arbitration awards:

> In enforcing the arbitrator's award the Court cast the order in a form
> used by this and other courts to summon public spirited,
> well-meaning litigants to recognize that they have lost and to act in
> good faith to carry out the arbitrator's award and the Court's order.
> Unless and until either this Court or the Court of Appeals stayed the
> June 13 Order, defendant had a clear and unequivocal duty to do
> *something*. . . . [T]he argument that an application for a stay either
> here or in the Court of Appeals is itself a stay is patently frivolous.

*Service Employees International Union, Local 722 v. Children's Hospital Nat'l*

*Medical Center*, 640 F.Supp. 272, 278 (D.D.C.1984) (emphasis in original.)

In this case, M.R.S. could not simply file a notice of appeal and expect to disregard the Court's Order until that Order is affirmed.

**D.     This Court Has Jurisdiction to Enforce its Order During Pendency of the Appeal.**

Even though the notice of appeal passes jurisdiction to the Court of Appeals, the District Court retains jurisdiction to enforce its unstayed Order. *Deering Milliken, Inc. v. F.T.C.,* 647 F.2d 1124, 1129 & ns.11, 14 (D.C.Cir.1978) ("[N]on-issuance of the mandate by the appellate court has no impact on the trial court's powers to enforce its unstayed judgment since the latter court has retained that power throughout the pendency of the appeal.")  *See also Public Citizen v. Carlin*, 2 F.Supp.2d 18, 20 (D.D.C. 1998); *Nat'l Organization for Women v. Operation Rescue*, 816 F.Supp. 729, 734 (D.D.C 1993) *modified on other grounds* 37 F.3d 646 (D.C.Cir. 1994).  This Court may therefore enforce its unstayed Order during the pendency of the appeal.

**E.     M.R.S. Is Not Entitled to a Stay of the Court's Order.**

M.R.S. responded to the Union's effort to meet and confer on this motion by applying belatedly for a stay.  Such a stay should be denied.

**1.     Standard of review**

"An indefinite stay pending appeal is an extraordinary remedy, and is to be granted only after careful deliberation has persuaded the Court of the necessity of

the relief." *Shays v. Federal Election Commission*, 340 F.Supp.2d 39, 44 (D.D.C.

2004).  "This Circuit has recently reiterated that the applicant must satisfy

stringent standards required for a stay pending appeal." *Id.*, *citing U.S. v. Judicial

Watch, Inc.*, 230 F.Supp.2d 12, 14 (D.D.C. 2002).

Under both Fed.R.Civ.P. 62(c) and Fed.R. App.P. 8(a), "the factors

regulating the issuance of a stay are generally the same: (1) whether the stay

applicant has made a strong showing that he is likely to succeed on the merits; (2)

whether the applicant will be irreparably injured absent a stay; (3) whether

issuance of the stay will substantially injure the other parties interested in the

proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S.

770, 776 (1987) *citing Virginia Petroleum Jobbers Assn. v. FPC*, 259 F.2d 921,

925 (D.C. Cir. 1958) and *Washington Metropolitan Area Comm'n v. Holiday

Tours, Inc.*, 559 F.2d 841, 842-844 (D.C.Cir.1977).

## 2.    Likelihood of success

M.R.S. has no realistic likelihood of success on appeal.  Before this Court,

M.R.S. abandoned all grounds of its challenge to the award, except for a late-

raised claim of mootness.  *M.R.S. Enterprises v. Sheet Metal Workers Local 40*,

___ F.Supp.2d ____, 2006 WL 931572 (D.D.C. 2006) at *4.  As to that claim,

M.R.S. failed to present any evidence.  *Id.* at *7.  M.R.S.'s claim of mootness –

that it no longer employs "sheet metal workers" because it has renamed the same

workers performing the same work – would have been meritless even if it had

presented evidence.  *Id*. at *8.

The lack of colorable merit to the appeal forecloses any effort for a stay.

Even where a defendant faces irreparable injury, it cannot obtain a stay pending

appeal absent some showing of likelihood of success.  *Shays*, 340 F.Supp.2d at 45

("Even should the petitioner show irreparable harm would result without the

imposition of [a] stay, if the requirement of a strong likelihood of success is not

met, the petition will be denied."); *Blankenship v. Boyle,* 447 F.2d 1280, 1280-81

(D.C.Cir.1971).  *See also Ellsworth Associates v. U.S.*, 917 F.Supp. 841, 847

(D.D.C. 1996); *Barnstead Broadcasting Corp. v. Offshore Broadcasting Corp.*,

869 F.Supp. 35, 39 (D.D.C. 1994).

### 3.    Irreparable injury to the parties

M.R.S. will not be irreparably injured if the stay is denied.  M.R.S.

bargained for the interest arbitration procedure that resulted in the NJAB award.

An employer or a union may not claim irreparable harm from the cost of

complying with that agreed-on procedure.  *See In re District 1, Marine Engineers*,

723 F.2d 70, 78 (D.C. Cir. 1983)

By contrast, the Union would be irreparably harmed by a stay. "Relief saving one claimant from irreparable injury, at the expense of similar harm caused by another, might not qualify as the equitable judgment that a stay represents." *Shays*, 340 F.Supp.2d at 51. The law recognizes that delays from unlawful repudiation of collective-bargaining relationships may undermine the Union's status. *Lee Lumber and Bldg. Material Corp. v. N.L.R.B.*, 117 F.3d 1454, 1459 (D.C.Cir. 1997). For this reason, substantial infringements of a union's collective-bargaining rights constitute irreparable harm, even if wages and benefits may be recovered years later. *See Arcamuzi v. Cont'l Air Lines, Inc.*, 819 F.2d 935, 938 (9th Cir.1987); *Eisenberg v. Wellington Hall Nursing Home, Inc.*, 651 F.2d 902, 907 (3d Cir.1981).

### 4.    Public interest

This is not merely a private commercial case. There is a strong public interest in ensuring labor peace through the swift enforcement of labor arbitration agreements. *Gilmore v. Int'l Union of Operating Engineers*, 899 F.Supp. 652, 658 (D.D.C. 1995) *quoting District 17, United Mine Workers v. Apogee Coal Co,*, 13 F.3d 134, 138 (4th Cir. 1993). Delay undermines this federal labor policy. "If arbitration is to continue to hold the significant position it now possesses, judicial enforcement of the decision . . . must follow surely and swiftly." *Apogee Coal*, 13

F.3d at 138.  It would frustrate this policy if the Union had to wait until the denial

of certiorari for the enforcement of the District Court's order.

### F.      Remedies

#### 1.      Purgation order

In *American Rivers*, 274 F.Supp.2d at 65, Judge Kessler reviewed the

appropriate remedies in civil contempt motions:

> Civil contempt is a remedial sanction used to obtain
> compliance with a court order or to compensate for damage sustained
> as a result of noncompliance.  *NLRB v. Blevins Popcorn, Co.,* 659
> F.2d 1173, 1184 (D.C.Cir.1981).
>
> The principal purpose of civil contempt is vindication of
> judicial authority.  *Id.,* 659 F.2d at 1185 n. 73 (*citing Gompers v.
> Bucks Stove & Range Co.,* 221 U.S. 418, 441 (1911)).  A civil
> contempt proceeding is a three stage process in which:  1) a court
> must issue an order directing a party to take or not take certain action;
> 2) if there is disobedience of that order, the court must issue a
> conditional order finding the recalcitrant party in contempt and
> threatening to impose a specified penalty unless the recalcitrant party
> complies with prescribed conditions set forth in a "purgation order;"
> and 3) execution of the threatened penalty if the conditions are not
> fulfilled.  *Id.* at 1184.

*American Rivers*, 274 F.Supp.2d at 65.

Here, the Court should issue a conditional purgation order requiring M.R.S.

to comply with its April 11, 2006 Order, with a schedule of coercive fines if

M.R.S. does not purge itself within a specified period.  *See American Rivers*, 274

F.Supp.2d at 69-70.

In finding a party to be in civil contempt of a court's order, "the intent of the recalcitrant party is irrelevant," and the court must only determine whether its order has been violated. *Blevins Popcorn Co.*, 659 F.2d at 1184, 1186 n. 77.

### 2.    Attorneys fees to Union

The Court has broad discretion to award the Union its attorneys fees on this motion, as part of the fees due under Article X, section 6 of the Agreement, under which the Court has already awarded fees. *See* April 11, 2006 Order (Dkt. 19) n.1. This is also a standard remedy in contempt proceedings. *Harrison Baking Co.*, 777 F.Supp. at 311.

### CONCLUSION

The Court should issue an Order to Show Cause why M.R.S. Enterprises should not be held in civil contempt of this Court's April 11, 2006 order.

Dated: May 22, 2005          Respectfully submitted,


  s/ Michael T. Anderson
Michael T. Anderson (DC Bar 459617)
Arlus J. Stephens (DC Bar 478938)
Davis, Cowell & Bowe LLP
1701 K Street NW, Suite 210
Washington, DC 20006
(202) 223-2620; (202) 223-8651 (fax)

Attorneys for Defendant/Counterclaimant
Sheet Metal Workers Int'l Assn. Local 40

13