UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

M.R.S. ENTERPRISES, INC.,

    Plaintiff and Counterdefendant,

              v.                    Case No. 1:05-CV-01823

SHEET METAL WORKERS'
INTERNATIONAL ASSOCIATION,    Judge Kollar-Kotelly
LOCAL 40,

    Defendant and Counterclaimant.
_____/

## COUNTERCLAIMANT SHEET METAL WORKERS LOCAL 40'S OPPOSITION TO M.R.S. ENTERPRISES' MOTION TO STAY

M.R.S. is not entitled to a stay of this Court's April 11, 2006 Order.

**A.    Standard of review**

"An indefinite stay pending appeal is an extraordinary remedy, and is to be granted only after careful deliberation has persuaded the Court of the necessity of the relief." *Shays v. Federal Election Commission*, 340 F.Supp.2d 39, 44 (D.D.C. 2004). "This Circuit has recently reiterated that the applicant must satisfy stringent standards required for a stay pending appeal." *Id.*, *citing U.S. v. Judicial Watch, Inc.*, 230 F.Supp.2d 12, 14 (D.D.C. 2002).

1

Under both Fed.R.Civ.P. 62(c) and Fed.R. App.P. 8(a), "the factors regulating the issuance of a stay are generally the same: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) *citing Virginia Petroleum Jobbers Assn. v. FPC*, 259 F.2d 921, 925 (D.C. Cir. 1958) and *Washington Metropolitan Area Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 842-844 (D.C.Cir.1977).

  B. **Likelihood of success**

M.R.S. has no realistic likelihood of success on appeal.

M.R.S. declares: "M.R.S. has a good faith belief that it will prevail on two of the issues decided by the District Court in this case." M.R.S. does not tell the Court or the Union what those issues are. Nor does it offer any argument for why the Court of Appeals is likely to reverse this Court's order.

In the absence of argument, it is hard to see what "two issues" would support reversal. Before this Court, M.R.S. abandoned all grounds of its challenge to the award, except for a late-raised claim of mootness. *M.R.S. Enterprises v. Sheet Metal Workers Local 40*, ___ F.Supp.2d ____, 2006 WL 931572 (D.D.C.

2006) at *4. As to that claim, M.R.S. failed to present any evidence. *Id*. at *7. M.R.S.'s claim of mootness – that it no longer employs "sheet metal workers" because it has renamed the same workers performing the same work – would have been meritless even if it had presented evidence. *Id*. at *8.

The lack of colorable merit to the appeal forecloses any effort for a stay. Even where a defendant faces irreparable injury, it cannot obtain a stay pending appeal absent a strong showing of likelihood of success. *Shays*, 340 F.Supp.2d at 45 ("Even should the petitioner show irreparable harm would result without the imposition of [a] stay, if the requirement of a strong likelihood of success is not met, the petition will be denied."); *Blankenship v. Boyle,* 447 F.2d 1280, 1280-81 (D.C.Cir.1971). *See also Ellsworth Associates v. U.S.*, 917 F.Supp. 841, 847 (D.D.C. 1996); *Barnstead Broadcasting Corp. v. Offshore Broadcasting Corp.*, 869 F.Supp. 35, 39 (D.D.C. 1994).

### 3.    Irreparable injury to the parties

M.R.S. will not be irreparably injured if the stay is denied. M.R.S. bargained for the interest arbitration procedure that resulted in the NJAB award. Parties to a collective-bargaining agreement may not claim irreparable harm from the cost of complying with that agreed-on procedure. *See In re District 1, Marine Engineers*, 723 F.2d 70, 78 (D.C.Cir. 1983)

By contrast, the Union would be irreparably harmed by a stay. "Relief saving one claimant from irreparable injury, at the expense of similar harm caused by another, might not qualify as the equitable judgment that a stay represents." *Shays*, 340 F.Supp.2d at 51. The law recognizes that delays from unlawful repudiation of collective-bargaining relationships may undermine the Union's status. *Lee Lumber and Bldg. Material Corp. v. N.L.R.B.*, 117 F.3d 1454, 1459 (D.C.Cir. 1997). This is why the repudiation of a union's collective-bargaining rights constitutes irreparable harm, even if wages and benefits may be recovered years later. *See Arcamuzi v. Cont'l Air Lines, Inc.*, 819 F.2d 935, 938 (9th Cir.1987); *Eisenberg v. Wellington Hall Nursing Home, Inc.*, 651 F.2d 902, 907 (3d Cir.1981).

### 4. Public interest

This is not merely a private commercial case. There is a strong public interest in protecting labor peace through the swift enforcement of labor arbitration agreements. *Gilmore v. Int'l Union of Operating Engineers*, 899 F.Supp. 652, 658 (D.D.C. 1995) *quoting District 17, United Mine Workers v. Apogee Coal Co,*, 13 F.3d 134, 138 (4th Cir. 1993). Delay undermines this federal labor policy. "If arbitration is to continue to hold the significant position it now possesses, judicial enforcement of the decision . . . must follow surely and

swiftly." *Apogee Coal*, 13 F.3d at 138.  It would frustrate this policy if the Union had to wait until the denial of certiorari for the enforcement of this Court's order.

## CONCLUSION

M.R.S. Enterprises' motion to stay should be denied.

Dated: May 22, 2005		Respectfully submitted,


		  s/ Michael T. Anderson
		Michael T. Anderson (DC Bar 459617)
		Arlus J. Stephens (DC Bar 478938)
		Davis, Cowell & Bowe LLP
		1701 K Street NW, Suite 210
		Washington, DC 20006
		(202) 223-2620
		(202) 223-8651 (fax)

		Attorneys for Defendant/Counterclaimant
		Sheet Metal Workers Int'l Assn. Local 40