UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

M.R.S. ENTERPRISES, INC.               )
    Plaintiff/Couterclaim Defendant   )
                                      )
VS.                                    )
                                      )   C.A. NO. 1:05CV01823
SHEET METAL WORKERS INTERNATIONAL      )
ASSOCIATION LOCAL NO. 40               )
    Defendant/Counterclaimant         )

PLAINTIFF/COUNTERCLAIM DEFENDANT'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
OPPOSITION TO THE COUNTERCLAIMANT'S
MOTION FOR ORDER TO SHOW CAUSE
<u>WHY PLAINTIFF SHOULD NOT BE HELD IN CIVIL CONTEMPT</u>

      On April 11, 2006, the Court issued a decision ordering the Plaintiff, M.R.S. Enterprises, Inc. (M.R.S.) to execute the collective bargaining agreement with the Defendant, Sheet Metal Workers' International Association Local 40 (Local 40) enforcing a decision by the National Joint Adjustment Board finding that M.R.S. was bound to the collective bargaining agreement negotiated in July 2005 through its termination in June 2010.

      M.R.S filed a Notice of Appeal on May 11, 2006 and on May 22, 2006 filed a Motion to Stay the District Court order pending the appeal. On May 22nd, Local 40 filed a Motion for an Order to Show Cause was M.R.S. should not be held in civil contempt of the Court's order. Local 40 also filed an opposition to the M.R.S. Motion to Stay.

ARGUMENT

The Supreme Court outlined the threshold requirements that a party must establish in order to prevail on a motion to stay a District Court order pending appeal in the case of <u>Hilton v. Braunskill</u>, 41 US 770, 776 (1987).  In that case, the Supreme Court held that a party seeking a stay pending appeal must show that (1) they are likely to succeed on the merits, (2) they will suffer irreparable injury unless the stay is granted, (3) no substantial harm will come to the other interested parties, and (4) the stay will do no harm to the public interest.

In this case, Local 40 contends that it will suffer irreparable harm because ". . . delays from unlawful repudiation of collective-bargaining relationships may undermine the Union's status."  *Citing* <u>Lee Lumber and Building Material Corp. v. NLRB</u>, 117 Fd 3rd 1454, 1459 (DC Cir. 1997).  M.R.S. has not employed members of Local 40 for almost 12 months.  The union, therefore, has no status to be undermined.  If the M.R.S. appeal is rejected, the District Court order will revert back to July 1, 2005 and M.R.S. will be responsible to pay all lost wages and benefits to Local 40.  Local 40, therefore, does not stand to suffer any irreparable injury.  On the contrary, should M.R.S. be forced to execute a collective bargaining agreement with Local 40 and, pending the appeal, employ members of Local 40 paying wages and benefits, it will suffer irreparable injury because it will never get those monies back.

Local 40 also argues that M.R.S. has no likelihood of success on its appeal.  M.R.S. believes that the District Court erred in finding it was bound to a collective bargaining agreement which it never signed and that the one-man unit rule, well established under federal labor law, did not apply to M.R.S.  M.RS. has a substantial likelihood of success on the issue of whether or not the one-man unit rule applied to it.  Even if the District Court decision regarding the status of M.R.S. as a signatory contractor bound by the terms and conditions of the collective bargaining

agreement with Local 40, is affirmed, M.R.S. could prevail on its appeal regarding the one-man unit rule.  If the appeal of the District Court's decision regarding the one-man unit rule, is successful, M.R.S. will not be required to execute a collective bargaining agreement with Local 40.

Taking into consideration the four elements which must be established pursuant to Hilton v. Braunskill, supra, M.R.S. has a likelihood of success on the merits on the one-man unit rule; M.R.S. will suffer irreparable injury unless the stay is granted, Local 40 will not suffer any substantial harm if the District Court order is stayed pending the appeal since a success on the appeal by Local 40 will place it in the same position it is in now with a full monetary remedy, and the stay will do no harm to the public interest.  M.R.S. is entitled to a final determination as to whether or not it could repudiate its Local 40 agreement because it no longer employed members of Local 40.  There is well-established federal labor law to support the one-man unit rule and no public interest is damaged even if M.R.S. should not prevail on the appeal of that issue.  See Whiting-Turner Contracting Company v. Local Union No. 7 Boston, Massachusetts International Association of Bridge, Structural and Ornamental Iron Workers, 15 F. Supp. 2d 162 (1998), Wilson & Sons Heating and Plumbing Inc. and Plumbers Local 109, 302 NLRB 802 (1990); Stack Electric Inc and Electrical Workers (IBEW) Locals 110 and 292, AFL-CIO, 290 NLRB 575 (1988); and Garman Construction Company and Teamsters AFL-CIO Local 324 and Operating Engineers, AFL-CIO Local 150, 287 NLRB 88 (1987).  Local 40 will be in the same position when the appeal is resolved as it is in today with no harm done to the collective bargaining procedure, the arbitration procedure or any monetary remedy due members of Local 40.  In Arkansas Peace Center v. Arkansas Department of Pollution Control, 992 Fd 2d 145 (1993) the Eighth Circuit in granting a stay pending appeal held that "We think the District Court

characterized Defendants' interests too narrowly and the Plaintiffs' interests too broadly.  We also think Defendants have shown that a stay will not cause substantial harm to other interested parties and will not harm the public interest." at p. 147   In that case, Defendants sought a stay pending the appeal of a preliminary injunction which had issued on behalf of the Plaintiffs.  The District Court had ordered the Defendants to cease the incineration of any dioxin-contaminated hazardous wastes and the Defendants appealed that decision along with a motion to stay the decision pending the appeal.  The Eighth Circuit found that despite the public interest in protecting the environment by cleaning up hazardous wastes, the injunction prohibiting the incineration of those wastes would cause more irreparable harm to the Defendants than to the Plaintiffs.  As a result, the Court issued a stay pending appeal of the preliminary injunction.

## CONCLUSION

M.R.S. is entitled a stay of the District Court order pending its appeal to the First Circuit Court of Appeals and should not be held in civil contempt.

                                       M.R.S. ENTERPRISES, INC.
                                       By its Attorney,

Dated:  June 6, 2006                            /s/ *James F. Grosso*
                                       James F. Grosso, Pro Hac Vice
                                       BBO 213320
                                       O'Reilly, Grosso & Gross, P.C.
                                       1671 Worcester Road, Suite 205
                                       Framingham, MA   01701-5400
                                       Tel:  508/620-0055
                                       Fax: 508/620-7655