UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

M.R.S. ENTERPRISES, INC.                          )
    Plaintiff/Counterclaim Defendant       )
                                                  )
VS.                                               )
                                                  )   C.A. NO. 1:05CV01823
SHEET METAL WORKERS INTERNATIONAL                 )
ASSOCIATION LOCAL NO. 40                          )
    Defendant/Counterclaimant              )

RESPONSE OF THE PLAINTIFF, M.R.S. ENTERPRISES, INC.
TO THE COURT'S ORDER TO SHOW CAUSE WHY
M.R.S. ENTERPRISES, INC. SHOULD NOT BE
<u>HELD IN CIVIL CONTEMPT</u>

On August 22, 2006 the Court issued an opinion denying the Motion of M.R.S. Enterprises, Inc. (M.R.S.) to stay the Court's order; granting the Motion of the Defendant, Sheet Metal Workers International Association Local No. 40 (Local 40) for an Order to Show Cause why M.R.S. should not be held in civil contempt of the Court's April 11, 2006 order; ordering M.R.S. to show cause by September 5, 2006 why it should not be held in civil contempt of the Court's April 11, 2006 order; and ordering M.R.S. to pay Local 40's reasonable attorney's fees and costs in this case. M.R.S. herewith files its response to the Court's order that it show cause why it should not be held in civil contempt of the Court's April 11, 2006 order.

On April 11, 2006, this Court confirmed the arbitration award finding M.R.S. bound to a collective bargaining agreement with Local 40 from July 2005 through June 30, 2010 but not binding M.R.S. to Article X, Section 8 of that contract regarding termination of the agreement. On May 10, 2006 M.R.S. filed a Notice of Appeal and on May 22, 2006 M.R.S. filed a Motion to Stay the Court's Order. On April 25, 2006, Local 40 filed its request for reasonable attorney's

fees and costs in this case as ordered in the April 11th decision and on May 4, 2006, M.R.S. filed its opposition to the calculation of attorney's fees and costs.  While the Court has acted on the Plaintiff's Motion to Stay, denying that Motion, and the Motion of Local 40 to show cause why M.R.S. should not be held in civil contempt, granting that Motion, the Court has not ruled on the request for reasonable attorney's fees and the opposition thereto.

In addition to this case in the District Court for the District of Columbia, the District Court for Connecticut has issued an order confirming an arbitration award in the case of <u>M.R.S. Enterprises, Inc. v. Sheet Metal Workers' International Association Local 38, AFL-CIO</u>, C.A. No. 3:05cv1466(MRK), and the District Court for the District of Central Massachusetts issued an order confirming an arbitration award against M.R.S. in the case of  <u>M.R.S. Enterprises, Inc. v. Sheet Metal Workers' International Association Local 63, AFL-CIO</u>, C.A. NO. 05-40163-FDS.  M.R.S. is also involved in an arbitration against the Sheet Metal Workers International Association (SMWIA) and its affiliated Boston Local 17 with litigation in the case of <u>M.R.S. Enterprises, Inc. v. Sheet Metal Workers' International Association Local 17 – Boston, and Sheet Metal Workers' International Association</u>, C.A. NO.  05-CV-10694-JLT stayed in the District Court for the District of Massachusetts pending the decision in the arbitration case.  As a result of all this litigation, M.R.S. is responsible for hundreds of thousands of dollars of back wage and benefit payments to Sheet Metal Workers Locals 38, 63 and 40.  M.R.S. is also pursuing a multi-million dollar claim against the SMWIA for actual losses incurred on the construction of the Delta Terminal A project at Logan Airport in Boston, Massachusetts.  The arbitration for the Delta Terminal A project was held on August 16 and 17 and a decision is expected from the panel in October.  M.R.S. is actively pursuing settlement in all of the federal court cases including the arbitration against the SMWIA.  Part of any settlement will include compliance with this Court's

order that M.R.S. execute the 2005-2010 collective bargaining agreement with Local 40. The purpose of the negotiations for a global settlement, is to reduce the hundreds of thousands of dollars that M.R.S. presently is under Court order to pay. M.R.S. has no intention to ignore this Court's order that it execute the Local 40 collective bargaining agreement, but simply asks that no contempt issue against it until October 1, 2006.

With respect to the Court's order to pay the reasonable attorney's fees of Local 40, a motion for assessment of those attorney's fees and an opposition to that motion are presently pending before the Court and, therefore, M.R.S. cannot comply with an order that has not yet issued from the Court. M.R.S. will comply with the Court's order regarding reasonable attorney's fees once the Court issues such an order after consideration of the motions and opposition thereto before it.

M.R.S. respectfully requests that no contempt issue against it for the failure to sign the Local 40 collective bargaining agreement until October 1, 2006. On such date, M.R.S. will execute the Local 40 agreement or be subject to whatever fines and other conditions are issued by this Court in the nature of civil contempt.

Respectfully submitted,

M.R.S. ENTERPRISES, INC.
By its Attorney,

Dated: September 5, 2006

　　　/s/ *James F. Grosso*
James F. Grosso, Pro Hac Vice
BBO 213320
O'Reilly, Grosso & Gross, P.C.
1671 Worcester Road, Suite 205
Framingham, MA  01701-5400
Tel: 508/620-0055
Fax: 508/620-7655