UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

M.R.S. ENTERPRISES, INC.,

    Plaintiff and Counterdefendant,

               v.               Case No. 1:05-CV-01823

SHEET METAL WORKERS'
INTERNATIONAL ASSOCIATION,      Judge Kollar-Kotelly
LOCAL 40; and THE NATIONAL
JOINT ADJUSTMENT BOARD FOR
THE SHEET METAL INDUSTRY,

    Defendants and Counterclaimant.
_____/

**SHEET METAL WORKERS' LOCAL 40'S SUPPLEMENTAL
APPLICATION FOR ATTORNEYS' FEES AND COSTS**

Pursuant to this Court's August 22, 2006 Opinion and Order (Dkt. 32), Counterclaimant Sheet Metal Workers' Local 40 hereby supplements its earlier application (Dkt. 21) for attorneys' fees and costs in this case.

Local 40's counsel has spent an additional 48.8 hours on this case since the Union filed its Application for Attorneys' Fees and Costs on April 25, 2006. (This includes time spent briefing the first application for attorneys fees, the motions for stay and for contempt and this supplemental application.) Applying the prevailing

market rates of the *Laffey* matrix as updated by the legal services component of the Consumer Price Index, this amounts to an additional $21,036 in fees, and an additional $364.59 in expenses. *See Salazar v. District of Columbia*, 123 F.Supp.2d 8, 15 (D.D.C. 2000), *cited in Interfaith Community Organization v. Honeywell International, Inc.*, 426 F.3d 694, 708 & n.11 (3d Cir. 2005). Combined with the earlier amount calculated in this manner, this totals $94,704 in fees and $1,410.44 in costs.

If the *Laffey* matrix is updated by the lower general Consumer Price Index, as the U.S. Attorney's Office does, the figure is $15,930 in fees, and an additional $364.59 in costs. Combined with the earlier amount calculated in this manner, this totals $71,970 in fees and $1,410.44 in costs.

We provide contemporaneous time records attached to the Supplemental Anderson and Stephens Declarations.

**STATEMENT OF FACTS**

**A.     Attorneys**

So as not to burden the record, we incorporate by reference the Statement of Facts from our earlier pleading and the Affidavits of Attorneys Anderson and Stephens (Dkt. 21).

B.   **Hourly rate**

1.   **The *Laffey* index as updated by the legal services component of the Consumer Price Index: *Salazar***

Again, so as not to burden the record or unnecessarily run up the legal bill, we incorporate by reference the discussion in our earlier pleading regarding *Salazar v. District of Columbia*, 123 F.Supp.2d 8, 13-15 (D.D.C. 2000).

Under that methodology, the *Laffey* index for legal services in Washington D.C. for 2005 was:

| Years of Attorney Experience | Hourly Rate |
|---|---|
| 20+ | $549 |
| 11-19 | $456 |
| 8-10 | $404 |
| 4-7 | $280 |

*Interfaith Community Organization v. Honeywell International, Inc.*, 426 F.3d 694, 708 n.11 (3d Cir. 2005).

2.   **The *Laffey* index as updated by the general Consumer Price Index: the U.S. Attorney's Office website**

In the alternative, we submit the Court should use the *Laffey* matrix based on the general Consumer Price Index is set forth on the U.S. Attorney's website,[1] which gives the following prevailing market rates for 2005-06:

---

[1] (www.usdoj.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_5.html).

|  | **Year  2005-06** |
|---|---|
| **Experience** | |
| **20+ years** | 405 |
| **11-19 years** | 360 |
| **8-10 years** | 290 |
| **4-7 years** | 235 |
| **1-3 years** | 195 |
| **Paralegals** | 115 |

*See* Anderson Decl. ¶13 and Ex. B (Dkt. 21).

**C.     Hours spent**

Since April 25, 2006, attorney Anderson spent an additional 25.40 hours and Stephens spent an additional 23.40 hours on this case.  Their computerized time reports are attached as Ex. A to the Supplemental Anderson Decl.

This work included:

- Preparing a Reply Brief (Dkt. 23) in support of the Union's Application for Attorneys' Fees (Dkt. 21)

- Preparing a Brief in Opposition (Dkt. 27) in response to M.R.S.'s Motion to Stay (Dkt. 25)

- Preparing and briefing the Union's Motion for Order to Show Cause (Dkt. 26), along with the subsequent Reply Brief (Dkt. 30)

- Preparing this Supplemental Application for Attorneys' Fees and Costs

# ARGUMENT

## I.  STANDARD OF REVIEW

The starting point used in calculating fee awards is a "lodestar" figure reached by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.  *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Martini v. Fed. Nat'l Mortg. Ass'n*, 977 F.Supp. 482, 484 (D.D.C. 1997).

The resulting figure is presumptively the amount of the final award.  "When . . . the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee" to which counsel is entitled.  *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

## II.  CALCULATION OF THE LODESTAR

### A.  Local 40's Counsel Are Entitled to the Prevailing Market Rate.

Reasonable hourly rates for calculation of the lodestar are measured by prevailing market rates in the relevant community for attorneys of similar experience and skill.  *See, e.g.*, *Save our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516, 1521 (D.C. Cir. 1988) (*en banc*); *Copeland v. Marshall,* 641 F.2d 880, 892 (D.C.Cir.1980) (*en banc*); *New York v. Microsoft*, 297 F.Supp.2d 15, 27 (D.D.C. 2003).

In this case, Local 40 agreed to the prevailing market rate, although its counsel agreed to accept a discounted rate in the event Local 40 did not prevail. *See* Anderson Decl. at ¶ 13 (Dkt. 21). As lawyers representing small labor organizations, Local 40's counsel commonly discounts its hourly rate because of the public-interest nature of its work. This make no difference to its counsel's entitlement to the prevailing market rate. Prevailing market rates apply even where the attorney otherwise charges clients a discounted rate for ideological reasons. *See Board of Trustees of the Hotel and Restaurant Employees Local 25 v. JPR, Inc.*, 136 F.3d 794, 800-807 (D.C. Cir. 1998); *Save our Cumberland Mountains*, 857 F.2d at 1524.

    **B.**    **The Prevailing Market Rate: The *Laffey* Matrix**

The D.C. Circuit applies the matrix of prevailing rates first adopted in *Laffey v. Northwest Airlines, Inc.*, 572 F.Supp. 354, 371 (D.D.C. 1983). *Save our Cumberland Mountains*, 857 F.2d at 1519, 1525. Parties may rely on the *Laffey* matrix as proof of prevailing market rates in the Washington, D.C. area. *See Covington v. District of Columbia*, 57 F.3d 1101, 1105 & n. 14, 1109 (D.C. Cir. 1995). A party may rely on the *Laffey* matrix alone, without canvassing the local attorney market further. *Salazar v. District of Columbia*, 123 F.Supp.2d 8, 14 (D.D.C. 2000).

1. **The *Laffey* index as updated by the legal services component of the Consumer Price Index: *Salazar***

The Court should apply the 2005 rates for legal services for Washington D.C.-based counsel set forth in *Interfaith Community Organization v. Honeywell International, Inc.*, 426 F.3d 694, 708 n.11 (3d Cir. 2005), which adopted the approach in *Salazar v. District of Columbia*, 123 F.Supp.2d 8, 14 (D.D.C. 2000).

As the *Salazar* Court held, the U.S. Attorney's methodology understates the true prevailing market rate, by updating the *Laffey* matrix by the Consumer Price Index for all goods and services, rather than the more relevant CPI for legal services. The *Salazar* Court's adoption of the CPI for legal services, 123 F.Supp.2d at 15, is more appropriate. The Third Circuit's decision in *Interfaith Community Organization*, 426 F.3d at 708 n.11, sets forth those correctly calculated rates: $456 for an attorney of Anderson's experience and $404 for counsel of Stephens's experience.

2. **The *Laffey* index as updated by the general Consumer Price Index: the U.S. Attorney's Office website**

If the Court does not follow *Salazar*, the Court should apply the rates in the U.S. Attorney's website calculated from the general CPI. According to that matrix, the prevailing market rate in 2005-06 for a 1987 law school graduate like

Michael Anderson is $360, while the prevailing market rate for a 1996 law school graduate like Arlus Stephens is $290. Anderson Decl., Ex. B (Dkt. 21).

### C.   The Hours Expended Are Reasonable.

Since the Union filed its Application for Attorneys' Fees and Costs (Dkt. 21), the Union has prepared five briefs or other pleadings for the Court in this case: Reply Brief in Support of Application for Attorneys' Fees (Dkt. 23); Motion for Order to Show Cause (Dkt. 26); Brief in Opposition to M.R.S.'s motion for a stay (Dkt. 27); Reply Brief in Support of Motion for Order to Show Cause (Dkt. 30); and this Supplemental Application for Attorneys' Fees and Costs.

Local 40's attorneys have endeavored to work as efficiently as possible. We submit that the hours expended for all this work are quite reasonable.

As set forth in the Court's order of August 22, counsel is entitled to recover for fees expended on the contempt and stay motions. Local 40 is also entitled to a fee award for counsel's time in preparing the attorneys' fee applications. *New York v. Microsoft*, 297 F.Supp.2d 15, 45 (D.D.C. 2003) (citing cases.)  Its claim for expenses, principally Westlaw research charges, is also well within reason.  *See Salazar*, 123 F.Supp.2d at 16-17.

## CONCLUSION

The Court should grant Local 40's Supplemental Application for Attorneys' Fees and Costs. Applying the prevailing market rates of the *Laffey* matrix as updated by the legal services component of the Consumer Price Index, this amounts to an additional $21,036 in fees, together with $364.59 in additional expenses. Added together with the fees and costs claimed in the Union's initial application, this totals $94,704 in fees and $1,410.44 in costs.

In the alternative, applying the prevailing market rates of the *Laffey* matrix as updated by the general Consumer Price Index, as the U.S. Attorney's Office does, this amounts to an additional $15,930 in fees, together with $364.59 in expenses. Added with the fees and costs claimed in the original application, this totals $71,970 in fees and $1,410.44 in costs.

Dated: September 5, 2006            Respectfully submitted,

 s/ Michael T. Anderson
Michael T. Anderson (DC Bar 459617)
Arlus J. Stephens (DC Bar 478938)
Davis, Cowell & Bowe LLP
1701 K Street NW, Suite 210
Washington, DC 20006
(202) 223-2620; (202) 223-8651 (fax)

Attorneys for Local 40