UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

M.R.S. ENTERPRISES, INC.                    )
    Plaintiff/Couterclaim Defendant        )
                                            )
VS.                                         )
                                            )   C.A. NO. 1:05CV01823
SHEET METAL WORKERS INTERNATIONAL           )
ASSOCIATION LOCAL NO. 40                    )
    Defendant/Counterclaimant              )

PLAINTIFF/COUNTERCLAIM DEFENDANT'S
OPPOSITION TO THE COUNTERCLAIMANT'S
SUPPLEMENTAL APPLICATION FOR ATTORNEY'S FEES

Pursuant to this Court's Order and Opinion dated August 22, 2006, the Counterclaimant, Sheet Metal Workers' International Association Local 40 (Local 40) filed a Supplemental Application for Attorney's Fees and Costs. The Plaintiff/Counterclaim Defendant, M.R.S. Enterprises, Inc. (M.R.S.) hereby opposes the amount of legal fees that Local 40 is seeking in its Supplemental Application for the following reasons:

HOURS SPENT ARE NOT REASONABLE

In the interest of avoiding redundancy, M.R.S. incorporates by reference its Brief in Opposition to the Application for Legal Fees filed by Local 40 in seeking and obtaining confirmation of the arbitration award. All of the same issues raised in that application for legal fees and the opposition of M.R.S. apply equally to this supplemental application for legal fees. In this supplemental application, spending nine hours of the alleged 48.8 hours spent by Attorneys Michael T. Anderson and Arlus Stephens just to prepare the fee application is

preposterous. Also included in the 48.8 hours spent by the two attorneys are the motions for and memoranda of law in support thereof for an Order of the Court to Show Cause by M.R.S. Should Not Be Held in Civil Contempt for failure to comply with the Court's order of April 11, 2006; a brief in Response to the Opposition Filed by M.R.S. to Local 40's initial Application for Legal Fees; and a brief in Opposition to the Motion by M.R.S. to stay this Court's order. Messrs. Anderson and Stephens would have this Court believe that 20% of the hours they expended were in preparation of a supplemental application for legal fees and that it took only 39 hours for the two of them to prepare the three much more extensive briefs and motions described above. Local 40 has already included in its original application for legal fees 20 hours spent preparing that application. The time allegedly spent for preparation of the fee statement is unreasonable. This is especially true for this supplemental application because it is a re-statement of the original application.

THE ATTORNEY'S FEES MUST BE BASED
ON THE CUSTOMARY HOURS CHARGED TO THE CLIENT

As argued in its first opposition to the application for legal fees by Local 40, M.R.S. again restates its position that the "Laffey Index" [Laffey v. Northwest Airlines Inc., 572 Fd. Supp. 354, 371 (D.C. 1983)] is irrelevant in this case. By their own admission, Michael Anderson charges Local 40 $205 per hour and Arlus Stephens charges Local 40 $180 per hour. Without waiving its argument that the hours are unreasonable, if we take the 48.8 hours spent by the two attorneys and multiply them by the appropriate rates that they actually charge their client, the amount of the legal fees is $9,419 and not $21,036 which the attorneys are seeking from this Court.

When a court awards attorney's fees to a prevailing party, it is to reimburse that party for the expenses it should not have incurred to either defend itself before the court or pursue, as in

this case, the enforcement of an arbitration award. The attorney's fees provision is actually contained in the collective bargaining agreement. The award of the attorney's fees is not a prize to the attorney for winning the case. There fees are not a discount because of the "public-interest nature of their work", but, rather, it is the customary rate that local unions pay their counsel in Washington, DC, New York, and Boston. "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary*". Copeland v. Marshall, 641 F. 2d 880, 891 (1980). When the law firm decided to represent labor organizations, it accepted the prevailing hourly rates that labor organizations customarily pay to their attorneys. The firm is not entitled to a bonus, reward or other prize against M.R.S. because it made such a deal with its own client. If Local 40 wishes to reward Davis, Cowell and Bove, LLP for winning this case, it is free to do so. Any such bonus or award cannot be assessed against M.R.S.

Federal Courts have consistently held that the first step in determining a reasonable attorney's fee is to ascertain a reasonable hourly billing rate. Trustees of International Brotherhood of Teamsters Union No. 727 Pension Fund, and Trustees of Teamsters Local No. 727 Health and Welfare Fund v. O'Donnell-Bartz-Schultz Funeral Home, LTD, U.S. District Court for the Northern District of Illinois, Eastern Division 1996 U.S. Dist. LEXIS 10023. The next step in determining reasonable attorney's fees is to ascertain the lodestar figure; this is done by multiplying the reasonable number of hours by the reasonable hourly billing rate. As clarified by the United States Supreme Court in Hensley v. Eckerhart, 461 U.S. 424, 434 (1983), a reasonable fee requires more inquiry by a district court than finding the product of reasonable hours times a reasonable rate. As stated in Darryll Simpson v. Michael Sheahan, U.S. District Court for the Northern District of Illinois, Eastern Division 1996 U.S. Dist. LEXIS 7014. "The central responsibility of a trial court in determining reasonable fees is to consider the

circumstances of the case, including a comparison of the amount of damages awarded with the damages sought."

M.R.S. has been involved in two very similar cases with Sheet Metal Worker Locals 38 and 63 in the District Courts of Connecticut and Massachusetts. In both cases, the unions sought confirmation of arbitration awards against M.R.S. in exactly similar situations to this case. In both those cases, the applications for those attorney's fees were $14,250 in the Local 38 case and $13,538.75 in the Local 63 case. Those applications for attorney's fees are attached hereto solely for the purpose of establishing what a reasonable attorney's fee should be for such proceedings.

CONCLUSION

M.R.S. respectfully submits that a reasonable amount of time expended on this project should be approximately 20 hours for Michael T. Anderson and 20 hours for Mr. Stephens. At the rates it customarily charges Local 40, Davis, Cowell and Bove, LLP is entitled to attorney's fees in the amount of $7,700 plus expenses of $364.59.

Respectfully submitted,

M.R.S. ENTERPRISES, INC.
By its Attorney,

Dated: September 6, 2006

/s/ *James F. Grosso*
James F. Grosso, Pro Hac Vice
BBO 213320
O'Reilly, Grosso & Gross, P.C.
1671 Worcester Road, Suite 205
Framingham, MA  01701-5400
Tel: 508/620-0055
Fax: 508/620-7655