UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

M.R.S. ENTERPRISES, INC.,

    Plaintiff and Counterdefendant,

              v.                    Case No. 1:05-CV-01823

SHEET METAL WORKERS'
INTERNATIONAL ASSOCIATION,      Judge Kollar-Kotelly
LOCAL 40,

    Defendant and Counterclaimant.
_____/

**COUNTERCLAIMANT SHEET METAL WORKERS LOCAL 40'S
OPPOSITION TO M.R.S. ENTERPRISES' RESPONSE
TO ORDER TO SHOW CAUSE**

    Sheet Metal Workers Local 40 opposes M.R.S. Enterprises' renewed request for a stay. It has not given the Court a valid reason why it should not be held in contempt.

    M.R.S. gives a surprisingly cavalier response to the Order to Show Cause. M.R.S. admits that it has not complied with the Court's April 11, 2006 Order. M.R.S. merely represents that it now wishes to settle this case. M.R.S. asks the Court to refrain from enforcing its Order until October 1, 2006. M.R.S. does not

even commit to complying at that point – it simply offers that it will either execute the Local 40 agreement or be subject to "whatever fines and other conditions are issued by this Court." M.R.S. Response to Order to Show Cause at 3.

## ARGUMENT

### M.R.S. May Not Refuse to Comply with a Court Order to Strengthen its Position in Settlement Discussions.

M.R.S. misunderstands this Court's authority. It has been under a present duty to comply since April 11, 2006. M.R.S. does not claim it is unable to comply. It is refusing only because compliance might weaken its position in settlement negotiations. This is not a valid reason to refuse to comply.

In the first place, it is inappropriate for M.R.S. to make assertions about settlement discussions at all. Under Fed.R.Evid. 408, the Court may not consider counsel's assertions about settlement discussions as a basis to suspend liability.

Even if the Court could appropriately consider settlement discussions, Local 40 does not share M.R.S.'s view of that possibility. While Local 40 is always open to a resolution in the best interests of its members, Local 40 believes that M.R.S. will not make serious offers so long as it can postpone its duty to comply with court orders.

M.R.S. was free to seek settlement of this case from its inception a year ago, but it chose to litigate instead. It is now too late to ask the Court to put its Order

on hold. Enforcement of the Court's order may deprive M.R.S. of bargaining leverage, but this is not the Court's concern.

## Conclusion

The Court should enforce its Order with civil contempt remedies.

Dated: September 8, 2006        Respectfully submitted,


 s/ Michael T. Anderson
Michael T. Anderson (DC Bar 459617)
Arlus J. Stephens (DC Bar 478938)
Davis, Cowell & Bowe LLP
1701 K Street NW, Suite 210
Washington, DC 20006
(202) 223-2620
(202) 223-8651 (fax)

Attorneys for Defendant/Counterclaimant
Sheet Metal Workers Int'l Assn. Local 40