UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

M.R.S. ENTERPRISES, INC.,

   Plaintiff and Counterdefendant,

            v.                          Case No. 1:05-CV-01823

SHEET METAL WORKERS'
INTERNATIONAL ASSOCIATION,      Judge Kollar-Kotelly
LOCAL 40; and THE NATIONAL
JOINT ADJUSTMENT BOARD FOR
THE SHEET METAL INDUSTRY,

   Defendants and Counterclaimant.
_____/

## SHEET METAL WORKERS' LOCAL 40'S REPLY BRIEF IN SUPPORT OF ITS SUPPLEMENTAL APPLICATION FOR ATTORNEYS' FEES AND COSTS

    Sheet Metal Workers' Local 40 briefly replies to M.R.S.'s opposition to its Supplemental Application for Attorneys' Fees and Costs.

    1.    M.R.S. mistakenly argues that the Union's lawyers spent too much time preparing their Supplemental Application for Attorneys' Fees and Costs (Dkt. 34). We do not count 9 hours in preparing the Brief, Affidavits and Exhibits; the hours referenced also include time spent reviewing the Court's Order to Show

Cause and preparing next steps in this litigation. Regardless, as with all time spent in this case, the Union's lawyers worked efficiently, even using a modified version of its earlier papers to speed the process.

    2.    M.R.S.'s argument that it is not liable to pay the market rate for attorneys' fees in this case is premised on two unreported, out-of-circuit, district court decisions from 1996. Those two decisions, however, do not represent the state of the law in this Circuit. *Save Our Cumberland Mountains v. Hodel*, 857 F.2d 1516, 1254 (D.C. Cir. 1988) (en banc) (holding that the prevailing market rate for fees should apply to public-interest organizations and "to those attorneys who practice privately and for profit but at reduced rates reflecting non-economic goals"). *See also Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989) ("The trial judge should not be limited by the contractual fee agreement between plaintiff and counsel.").

    Moreover, M.R.S. could have sued in Connecticut. It elected not to do so, however, presumably because it liked something about this venue better. But with this venue comes higher market rates for legal fees, and M.R.S. should not be heard to complain about any difference.

    3.    In a throwaway move, M.R.S. attaches two fee affidavits from other cases where courts have found M.R.S. liable for breaching agreements. M.R.S.

does not, however, make any effort to explain the complexity of those cases or the relevance of the attached exhibits.

Nevertheless, quick research on ECF reveals the following. Regarding the Connecticut case, it appears the parties briefed only one substantive motion – for summary judgment – before the union's lawyer filed his fee application on June 6. Likewise, there was only one motion in the Massachusetts case, and the fee amount was stipulated, not contested .

There is no indication on the docket sheets of those cases what were the issues, or whether M.R.S. elected to abandon the same frivolous arguments it forced Local 40 to work through in this litigation. It is clear, however, that a great deal less attorney time would be required to brief one single motion instead of the many substantive motions and arguments that M.R.S. forced in this case.

\\

\\

\\

Dated: September 11, 2006                Respectfully submitted,


                                          s/ Michael T. Anderson
                                         Michael T. Anderson (DC Bar 459617)
                                         Arlus J. Stephens (DC Bar 478938)
                                         Davis, Cowell & Bowe LLP
                                         1701 K Street NW, Suite 210
                                         Washington, DC 20006
                                         (202) 223-2620; (202) 223-8651 (fax)

                                         Attorneys for Local 40